UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IN THE MATTER OF:<br><br>**G.P.**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**JOSE HERNANDEZ AREVALO**, an individual;<br><br>**MARICELA JIMENEZ**, an individual;<br><br>**TURO, INC.**, a Delaware Corporation;<br><br>**META PLATFORMS, INC.**, a Delaware Corporation;<br><br>**REDDIT, INC.**, a Delaware Corporation;<br><br>**YOUTUBE, LLC**, a Delaware Limited Liability Company;<br><br>**ATLANTA BLACK STAR, INC.**, a Georgia Corporation;<br><br>**INSIDE EDITION, INC.**, a New York Corporation; and<br><br>**JOHN DOES 1-10**, individuals or entities unknown,<br><br>Defendants. | Case No.: ___<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND TO FILE PLAINTIFF'S TRUE LEGAL NAME UNDER SEAL - PROTECTIVE ORDER CONTEMPLATED** |

MOTION TO PROCEED UNDER PSEUDONYM AND TO FILE PLAINTIFF'S TRUE LEGAL NAME UNDER SEAL - PROTECTIVE ORDER CONTEMPLATED

1  Plaintiff G.P., through undersigned counsel, moves for leave to proceed in this action
2  under the pseudonym "G.P." (initials only) rather than her full legal name, and to file her true
3  legal name under seal, and states:
4
5  I. INTRODUCTION This case arises from Defendants' unlawful secret recording of
6  Plaintiff inside a rental vehicle and the subsequent publication and viral dissemination of that
7  recording to millions of viewers worldwide, causing severe, ongoing harm to Plaintiff's privacy,
8  reputation, and mental health.
9  Plaintiff has already suffered intense public exposure and harassment as a result of the
10 underlying incident. Publicly filing this lawsuit under her full legal name would foreseeably
11 trigger renewed viral attention, additional harassment, and further professional and personal
12 harm.
13 The Ninth Circuit and this Court permit plaintiffs to proceed under pseudonyms in
14 "unusual circumstances" where (1) disclosure would cause serious harm; (2) the fear of harm is
15 reasonable; (3) the plaintiff is particularly vulnerable; and (4) anonymity will not unfairly
16 prejudice defendants or the public. Those factors are satisfied here.
17 Plaintiff therefore respectfully requests that she be permitted to proceed as "G.P." in all
18 public filings, with her true legal name submitted under seal and disclosed to Defendants subject
19 to a protective order.
20
21 II. LEGAL STANDARD Federal Rule of Civil Procedure 10(a) ordinarily requires that
22 the title of a complaint name all parties. Courts, however, recognize exceptions where the need
23 for anonymity outweighs the presumption of openness.
24 In evaluating pseudonym motions, courts in the Ninth Circuit consider, among other
25 things: (a) the severity of the threatened harm; (b) the reasonableness of the plaintiff's fears; (c)
26 the plaintiff's vulnerability; (d) any prejudice to defendants; and (e) the public's interest in
27 disclosure versus anonymity.
28

III. ARGUMENT A. Disclosure Would Cause Serious, Ongoing Injury The challenged conduct already made Plaintiff the subject of a viral video that has been viewed millions of times and widely discussed on social media and in online news outlets. The video shows her face and voice in a moment of extreme distress and falsely portrays her as dishonest and reckless.

Publicly connecting Plaintiff's full legal name to this lawsuit in the federal docket would effectively "re-launch" the story: reporters and online commentators could easily connect the complaint to the existing video and produce a new cycle of coverage, commentary, and harassment.

Plaintiff has already experienced professional repercussions (patient cancellations, workplace discomfort), online harassment, and public confrontations as a direct result of the video. Renewed publicity tied to her full legal name would likely intensify these harms and further damage her professional and personal life.

B. Plaintiff's Fear of Renewed Harm Is Objectively Reasonable Plaintiff's fear is grounded in actual experience, not speculation. After the video first spread, strangers located her social media accounts, messaged her directly, commented on photos of her children, and contacted people in her professional network.

News outlets and social media accounts have shown a demonstrated interest in her story. It is entirely foreseeable that a publicly filed federal complaint under her full name would be treated as "new content," reviving online attention.

Given this history, Plaintiff's fear that public filing under her full name will reignite harassment and reputational harm is objectively reasonable.

C. Plaintiff Is a Vulnerable Private Citizen and Crime Victim Plaintiff is a private citizen and a healthcare professional, not a public figure. She did not seek publicity and did not voluntarily thrust herself into public controversy; she became a public spectacle only because Defendants secretly recorded and exposed her.

Plaintiff alleges violations of the Federal Wiretap Act and state privacy laws—she is the victim of the very privacy invasion at issue. Forcing her to publicly attach her full legal name to that invasion would compound the harm. Plaintiff has experienced significant psychological

distress, including anxiety, panic attacks, depression, and increased therapy. Her vulnerability to additional harm from renewed publicity is substantial.

D. Anonymity Will Not Prejudice Defendants Defendants will suffer no meaningful prejudice from Plaintiff's use of initials in public filings.

Plaintiff will provide her full legal name to all Defendants under a protective order. Defendants will be able to investigate her background, conduct discovery, communicate with her, and prepare their defenses as in any other case.

The only effect of pseudonym status is to limit public access to Plaintiff's full legal name on the public docket. It does not impair Defendants' access to information necessary to defend the case.

E. The Public Interest Is Adequately Protected The public will retain full access to the substance of the claims, legal arguments, and court rulings. Only Plaintiff's full legal name will be withheld from the public docket.

In a case challenging unlawful recording and misuse of a private citizen's image, there is a strong countervailing public interest in not turning the federal docket into a further vehicle for the very harm alleged—public shaming and harassment.

Allowing Plaintiff to proceed under "G.P." strikes an appropriate balance between transparency and protection of a particularly vulnerable privacy-violation victim.

IV. REQUESTED RELIEF Plaintiff respectfully requests that the Court:

a. Permit Plaintiff to proceed under the pseudonym "G.P." in all public filings and docket entries;

b. Allow Plaintiff to file her true legal name under seal, with access limited to the Court, its staff, and the parties and their counsel under an appropriate protective order;

c. Direct that all parties refer to Plaintiff as "G.P." or "Plaintiff G.P." in public filings and public statements relating to this case; and

d. Grant such other and further relief as the Court deems just and proper.

**DATED**: December 12, 2025

**Respectfully submitted,**

        **ROSSI & CO., P.C.**

        By: *s/ Ronald G. Rossi*
        Ronald G. Rossi, WSBA #54720
        616 33rd Ave NW
        Gig Harbor, WA 98335
        Telephone: (303) 222-0300
        Email: rgr@vihc.com
        *Counsel for Plaintiff G.P.*