UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

IN THE MATTER OF:

**G.P.**, an individual,

Plaintiff,

v.

**JOSE HERNANDEZ AREVALO**, an individual;

**MARICELA JIMENEZ**, an individual;

**TURO, INC.**, a Delaware Corporation;

**META PLATFORMS, INC.**, a Delaware Corporation;

**REDDIT, INC.**, a Delaware Corporation;

**YOUTUBE, LLC**, a Delaware Limited Liability Company;

**ATLANTA BLACK STAR, INC.**, a Georgia Corporation;

**INSIDE EDITION, INC.**, a New York Corporation; and

**JOHN DOES 1-10**, individuals or entities unknown,

Defendants.

Case No. 2:26-cv-00284

**PLAINTIFF'S MOTION TO SEAL DECLARATION IN SUPPORT OF MOTION TO PROCEED UNDER PSEUDONYM**

    Plaintiff G.P., by and through undersigned counsel, respectfully moves the Court for leave to file under seal the Declaration of Plaintiff submitted in support of Plaintiff's Motion for Leave to Proceed Under Pseudonym (Dkt. 2).

This motion is brought pursuant to Local Civil Rule 5(g) and applicable Ninth Circuit authority.

## I. INTRODUCTION

Plaintiff has filed a Motion for Leave to Proceed Under Pseudonym (Dkt. 2). The declaration submitted in support of that motion contains highly sensitive, personal, and identifying information concerning Plaintiff, the public disclosure of which would defeat the purpose of the relief sought and would subject Plaintiff to substantial risk of further harm.

Plaintiff therefore seeks leave to file that declaration under seal.

## II. LEGAL STANDARD

There is a strong presumption of public access to judicial records. Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). However, courts may permit sealing where "compelling reasons" justify restricting access, particularly where disclosure would result in improper use of the information or invasion of privacy interests. Id. at 1179.

In the context of motions addressing anonymity, courts routinely permit sealing of supporting declarations where necessary to protect the movant's identity and personal safety. See, e.g., Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068–69 (9th Cir. 2000).

## III. ARGUMENT

The declaration Plaintiff seeks to file under seal contains information that, if publicly disclosed, would reveal Plaintiff's identity and sensitive personal circumstances that are directly at issue in the pending Motion for Leave to Proceed Under Pseudonym.

Public filing of the declaration would:

1. Undermine the relief sought in the pseudonym motion;
2. Expose Plaintiff to a significant risk of harassment and retaliation; and

3. Serve no countervailing public interest, as the substance of the motion itself is fully available on the public docket.

4. No less restrictive alternative to sealing is available, as redaction would be insufficient to protect Plaintiff's identity and the sensitive information at issue.

The requested sealing is narrowly tailored. Plaintiff seeks to seal only the declaration itself; the Motion for Leave to Proceed Under Pseudonym (Dkt. 2) remains publicly available, and no other filings are affected.

IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the Declaration of Plaintiff in Support of Motion for Leave to Proceed Under Pseudonym under seal.

**DATED this 25th day of January, 2026.**

**RESPECTFULLY SUBMITTED,**

       **ROSSI & CO., P.C.**

       By: s/Ronald G. Rossi
       WSBA No. 54720
       Admitted to Practice: 9th Circuit, U.S. District Court (W.D. Washington)
       616 33rd Ave NW
       Gig Harbor, WA 98335
       Telephone: (303) 222-0300
       Email: rgr@vihc.com

       *Counsel for Plaintiff G.P.*