UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| G.P.,<br><br>              Plaintiff(s),<br><br>     v.<br><br>JOSE HERNANDEZ AREVALO,<br><br>              Defendant(s). | CASE NO. C26-284-KKE<br><br>ORDER PROVISIONALLY GRANTING MOTION TO PROCEED BY PSEUDONYM |

This matter comes before the Court on Plaintiff's motion for leave to proceed under a pseudonym. Dkt. No. 2. No defendant has yet appeared in this matter. For the following reasons, the Court will grant the motion provisionally and give Defendants the opportunity to appear and oppose Plaintiff's request for anonymity if they choose.

## I.   BACKGROUND

Plaintiff—who is named in the complaint as "G.P."—sues Defendants Jose Hernandez Arevalo, Maricela Jimenez, several technology companies,[1] two media outlets,[2] and unknown "John Doe" defendants over the dissemination of a video of G.P. texting and then crashing a rental vehicle. *See* Dkt. No. 1. G.P. contends that the video was taken without her consent in a vehicle she rented from Arevalo through Turo, a car-sharing service operated by Defendant Turo, Inc. She

---

[1] The technology company Defendants are Turo, Inc.; Meta Platforms, Inc.; Reddit, Inc.; and YouTube, LLC.
[2] The media company Defendants are Atlanta Black Star, Inc. and Inside Edition, Inc.

ORDER PROVISIONALLY GRANTING MOTION TO PROCEED BY PSEUDONYM - 1

further alleges that, in order to shame and humiliate her, Arevalo posted the video to social media, where it went viral and was picked up by two mainstream media outlets, Defendants Atlanta Black Star, Inc. and Inside Edition, Inc. *Id.* ¶¶ 3–4. G.P. now moves to continue using the pseudonym "G.P." Dkt. No. 2. She has also moved separately to seal a declaration, which, among other things, identifies her name and recounts some of the repercussions of the viral video. *See* Dkt. Nos. 3–4.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 10(a) requires that a "complaint must name all the parties[.]" Therefore, "[t]he normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). The Ninth Circuit permits parties "to use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (citation modified). Accordingly, the Ninth Circuit directs district courts to apply a "balancing test" in exercising their discretion to determine whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068.

The Ninth Circuit provides the following factors to evaluate the need for anonymity: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to such retaliation." *Id.* at 1067–68 (citation modified). Courts must also consider "whether proceedings may be structured so as to mitigate [the] prejudice [at each stage of the proceedings to the opposing party]" and "decide whether the public's interest in the case would be best served by requiring the litigants reveal their identities." *Id.* at 1068.

### III.  DISCUSSION

While it is a close call, the Court finds that G.P. has made a sufficient showing of her need for anonymity to at least warrant provisionally granting her leave to continue pseudonymously until Defendants have appeared.  G.P.'s declaration describes personal and professional repercussions she has faced as a result of the video, including online messages and phone calls from strangers she describes as threatening and misogynistic, messages sent to G.P.'s work colleagues about the video, and comments by G.P.'s coworkers and patients that she feels reflected harm to her professional reputation. Dkt. No. 4.  "Courts have considered social stigmatization" to be a "compelling reason[] for permitting anonymity." *J.J. v. Ashlynn Mktg. Grp., Inc.*, No. 24-CV-00311-GPC-MSB, 2024 WL 5130849, at *1 (S.D. Cal. Dec. 16, 2024) (citation modified). Allowing G.P. to proceed pseudonymously on a provisional basis will prevent further dissemination of the video to G.P.'s professional network and the public, which she anticipates would lead to further reputational and professional harm, at least until Defendants can respond.

The Court also finds, at this stage, that the public has a limited interest in learning G.P.'s identity.  While the public generally has "a right to know who is using their courts" (*United States v. Stoterau*, 524 F.3d 988, 1013 (9th Cir. 2008)), G.P.'s suit is essentially a private dispute between her and the owners of the vehicle regarding the allegedly surreptitious recording of the video, and between her and the entities she claims are responsible for disseminating the video.  Without the benefit of contrary argument by Defendants, it is not clear how anonymity would "obstruct the public's view of the issues joined or the court's performance in resolving them." *Advanced Textile Corp.*, 214 F.3d at 1068 (quoting *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)).

Finally, without any defendant having appeared in this case, it is too early to assess the prejudice to Defendants.  While G.P. states that she is willing to testify in court under her true name and will disclose her name to Defendants "under a protective order" (Dkt. No. 4 ¶ 14), the

Court cannot anticipate every possible complication G.P.'s proposal would pose to all eight named Defendants. The Court will therefore defer considering prejudice to Defendants and the availability of mitigating procedures until it has the benefit of Defendants' arguments.[3]

## IV.  CONCLUSION

Accordingly, the Court provisionally GRANTS G.P.'s motion for leave to proceed under a pseudonym. Dkt. No. 2. G.P.'s declaration (Dkt. No. 4) may remain under seal, provided, however, that G.P. must provide the declaration to each Defendant that appears in this case.

Within 30 days of appearing in this case, each Defendant is DIRECTED to either (A) move for reconsideration of this Order or (B) file a notice stating that the appearing Defendant does not oppose G.P.'s motion to proceed under a pseudonym. *See J.S. v. Kent Sch. Dist.*, No. 2:24-CV-01060-LK, 2024 WL 3950353, at *3 (W.D. Wash. Aug. 27, 2024) (citing cases ordering a similar procedure). A Defendant may also elect to join a previously filed motion for reconsideration rather than file its own motion.

Dated this 2nd day of March, 2026.

Kymberly K. Evanson
United States District Judge

---

[3] The Court will also defer ruling on G.P.'s motion to seal (Dkt. No. 2) until Defendants have appeared and G.P.'s request to proceed pseudonymously has been resolved.