Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In the Matter of:

G.P., an individual,

    Plaintiff,

  v.

JOSE HERNANDEZ AREVALO, an individual; MARICELA JIMENEZ, an individual; TURO, INC., a Delaware Corporation; META PLATFORMS, INC., a Delaware Corporation; REDDIT, INC., a Delaware Corporation; YOUTUBE, LLC, a Delaware Limited Liability Company; ATLANTA BLACK STAR, INC., a Georgia Corporation; INSIDE EDITION, INC., a New York Corporation; and JOHN DOES 1-10, individuals or entities unknown,

    Defendants.

Case No. 2:26-cv-00284-KKE

**META PLATFORMS, INC.'S MOTION TO DISMISS**

Noted for Hearing: June 3, 2026

META PLATFORMS, INC.'S MOTION TO
DISMISS - Case No. 2:26-cv-00284-KKE

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...................................................................................................... 1

II.     BACKGROUND ...................................................................................................... 1

III.    LEGAL STANDARDS ............................................................................................ 2

IV.     ARGUMENT ............................................................................................................ 3

        A.      Because the Court lacks personal jurisdiction over Meta, the Complaint
                must be dismissed ........................................................................................ 3

                1.      The Court lacks general jurisdiction over Meta ............................... 3

                2.      The Court lacks specific jurisdiction over Meta .............................. 4

        B.      Plaintiff fails to state any claim for relief against Meta ............................. 6

        C.      Section 230 bars Plaintiff's requested relief against Meta .......................... 7

                1.      Meta is an interactive computer service provider ........................... 8

                2.      The content at issue was provided by another information content
                        provider ........................................................................................... 8

                3.      Plaintiff's requested relief seeks to treat Meta as a publisher .......... 8

                4.      Plaintiff's demand for only injunctive relief does not evade
                        Section 230 ...................................................................................... 9

        D.      Because any amendment would be futile, the Court should dismiss with
                prejudice ....................................................................................................... 10

V.      CONCLUSION ......................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................................................................................................. 2, 3

*Ayla, LLC v. Alya Skin Pty. Ltd.*,
11 F.4th 972 (9th Cir. 2021)........................................................................................ 4

*Barnes v. Yahoo!, Inc.*,
570 F.3d 1096 (9th Cir. 2009)............................................................................. 7, 8, 9

*Ben Ezra, Weinstein & Co., Inc. v. Am. Online Inc.*,
206 F.3d 980 (10th Cir. 2000)..................................................................................... 9

*Block Mining Inc. v. Hosting Source LLC*,
No. C24-0319JLR, 2024 WL 3012948 (W.D. Wash. June 14, 2024) ......................... 6

*BNSF Ry. Co. v. Tyrrell*,
581 U.S. 402 (2017) .................................................................................................... 4

*Brooks v. Scott*,
No. C09-758-RSL-JPD, 2010 WL 2132064 (W.D. Wash. Apr. 9, 2010), *report
and recommendation adopted*, 2010 WL 2102823 (W.D. Wash. May 25, 2010) ................... 4

*Caraccioli v. Facebook, Inc.*,
167 F. Supp. 3d 1056 (N.D. Cal. 2016) ............................................................... 9, 10

*Cascade Yarns, Inc. v. Knitting Fever, Inc.*,
No. C10-861 RSM, 2011 WL 31862 (W.D. Wash. Jan. 3, 2011)............................... 2

*Cross v. Facebook, Inc.*,
14 Cal. App. 5th 190 (2017)..................................................................................... 7, 8

*Dahlstrom v. United States*,
No. C24-641-RSM, 2025 WL 1149634 (W.D. Wash. Apr. 18, 2025) ........................ 7

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) .................................................................................................... 3

*Diep v. Apple, Inc.*,
No. 22-16514, 2024 WL 1299995 (9th Cir. Mar. 27, 2024)..................................... 10

*Dyroff v. Ultimate Software Grp., Inc.*,
934 F.3d 1093 (9th Cir. 2019)..................................................................................... 9

*Ebeid v. Facebook, Inc.*,
No. 18-CV-07030-PJH, 2019 WL 2059662 (N.D. Cal. May 9, 2019) ....................... 8

*Eminence Cap., LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003).................................................................................... 10

META PLATFORMS, INC.'S MOTION TO
DISMISS - Case No. 2:26-cv-00284-KKE

ii

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

*Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*,
521 F.3d 1157 (9th Cir. 2008) ............................................................................................... 9

*Fed. Agency of News LLC v. Facebook, Inc.*,
395 F. Supp. 3d 1295 (N.D. Cal. 2019) ................................................................................. 8

*Fed. Agency of News LLC v. Facebook, Inc.*,
432 F. Supp. 3d 1107 (N.D. Cal. 2020) ................................................................................. 8

*Force v. Facebook, Inc.*,
934 F.3d 53 (2d Cir. 2019) ..................................................................................................... 9

*Harrison v. Facebook, Inc.*,
No. 18-0147-TFM-MU, 2019 WL 1090779 (S.D. Ala. Jan. 17, 2019) ................................... 5

*Herbal Brands, Inc. v. Photoplaza, Inc.*,
72 F.4th 1085 (9th Cir. 2023) ........................................................................................... 4, 6

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*,
456 U.S. 694 (1982) ................................................................................................................ 6

*Kathleen R. v. City of Livermore*,
87 Cal. App. 4th 684 (2001) ................................................................................................. 10

*Little v. Edward Wolff & Assocs. LLC*,
No. 2:21-cv-00227-LK, 2023 WL 6196863 (W.D. Wash. Sept. 22, 2023) ............................ 3

*Markoff v. Puget Sound Energy, Inc.*,
9 Wn. App. 2d 833, 851, 447 P.3d 577 (2019) ...................................................................... 6

*McKee v. Gen. Motors Co.*,
601 F. Supp. 3d 901 (W.D. Wash. 2022) ............................................................................... 6

*Nayab v. Capital One Bank (USA), N.A.*,
942 F.3d 480 (9th Cir. 2019) ............................................................................................. 2, 3

*Noah v. AOL Time Warner, Inc.*,
261 F. Supp. 2d 532 (E.D. Va. 2003), *aff'd* No. 03-1770, 2004 WL 602711
(4th Cir. Mar. 24, 2004) ....................................................................................................... 10

*Prager Univ. v. Google LLC*,
85 Cal. App. 5th 1022 (2022) ................................................................................................. 9

*Ralls v. Facebook*,
221 F. Supp. 3d 1237 (W.D. Wash. 2016) ............................................................................. 5

*Reaud v. Facebook Inc.*,
No. 23-cv-06329-AMO, 2024 WL 4126066 (N.D. Cal. Sept. 9, 2024) ............................. 8, 9

*Republican Nat'l Comm. v. Google, Inc.*,
No. 2:22-cv-01904-DJC-JBP, 2023 WL 5487311 (E.D. Cal. Aug. 24, 2023) ...................... 10

*Resnick v. Rowe*,
283 F. Supp. 2d 1128 (D. Haw. Sept. 8, 2003) ..................................................................... 6

META PLATFORMS, INC.'S MOTION TO
DISMISS - Case No. 2:26-cv-00284-KKE

iii

*Rich v. Meta Platforms, Inc.*,
No. 21-11956-FDS, 2023 WL 8355932 (D. Mass. Dec. 1, 2023), *appeal filed*
No. 24-1762 (1st Cir. Aug. 22, 2024) ................................................................. 4, 5

*Rigsby v. GoDaddy Inc.*,
59 F.4th 998 (9th Cir. 2023)................................................................................. 1, 9

*Romero v. Meta Platforms, Inc.*,
No. 7:23-CV-03306, 2024 WL 1554826 (D.S.C. Mar. 14, 2024), *report and
recommendations adopted*, 2024 WL 3466403 (D.S.C. July 19, 2024), *aff'd*,
No. 24-1729, 2024 WL 5200156 (4th Cir. Dec. 23, 2024), *cert. denied*, 145 S.
Ct. 1972 (2025) ..................................................................................................... 4, 5

*Russell v. Meta Platforms, Inc.*,
No. 4:23-CV-193-SA-DAS, 2024 WL 4800365 (N.D. Miss. May 29, 2024) ......... 4

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004)..................................................................................... 4

*Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.*,
144 F. Supp. 3d 1088 (N.D. Cal. 2015), *aff'd*, 697 F. App'x 526 (9th Cir.
2017)....................................................................................................................... 7, 8

*Smith v. Intercosmos Media Grp., Inc.*,
No. CIV. A. 02-1964, 2002 WL 31844907 (E.D. La. Dec. 17, 2002) ..................... 10

*Tr. of Summers Family Tr. TA Neak Prods. Buff WA Pty. Ltd. v. Nat'l Distrib.
Warehouse Inc.*,
No. 2:21-cv-797-RSM-DWC, 2021 WL 8445579 (W.D. Wash. Oct. 8, 2021)......... 3

*In re W. States Wholesale Nat. Gas Antitrust Litig.*,
715 F.3d 716 (9th Cir. 2013)................................................................................. 2, 3

*Walden v. Fiore*,
571 U.S. 277 (2014) ................................................................................................... 5

*Zepeda v. U.S. Immigr. & Naturalization Serv.*,
753 F.2d 719 (9th Cir. 1995)..................................................................................... 6

*Zero Cloud One Intelligent Tech. (Hangzhou) Co. Ltd. v. Flying Heliball LLC*,
No. 2:24-cv-01699-JNW, 2024 WL 4665594 (W.D. Wash. Nov. 4, 2024) ............. 6

**Statutes**

47 U.S.C. § 230 .................................................................................................*passim*

47 U.S.C. § 230(c)...................................................................................................... 10

47 U.S.C. § 230(c)(1) ............................................................................................ 7, 8, 9

47 U.S.C. § 230(c)(2) ................................................................................................. 10

47 U.S.C. § 230(e)(3) ................................................................................................... 7

47 U.S.C. § 230(f)(2) .................................................................................................... 8

META PLATFORMS, INC.'S MOTION TO          iv
DISMISS - Case No. 2:26-cv-00284-KKE

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

Washington Privacy Act ......................................................................................................... 6

**Rules**

Fed. R. Civ. P. 12(b)(2) .......................................................................................................... 2

Fed. R. Civ. P. 12(b)(6) .......................................................................................................... 2

META PLATFORMS, INC.'S MOTION TO
DISMISS - Case No. 2:26-cv-00284-KKE

v

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

## I.    INTRODUCTION

Plaintiff G.P.'s Complaint stems from allegedly unlawfully recorded dashcam footage of G.P. texting while driving and running off the road. Plaintiff has sued, among others, the person who allegedly recorded the footage and posted it online. Plaintiff asserts no substantive claims against Meta Platforms, Inc. ("Meta"), but she asks the Court to order Meta to remove all copies of the footage from Facebook and Instagram—online services that Meta operates.

Plaintiff's request fails for three reasons. First, the Court lacks personal jurisdiction over Meta. Meta is neither incorporated nor based in Washington, and none of Plaintiff's claims arise out of or relate to Meta's contacts with Washington. Second, even if the Court reaches the merits, Plaintiff fails to allege any claim against Meta—an injunction is a form of relief, not a cause of action. Third, Section 230 of the Communications Decency Act ("Section 230") bars any relief against Meta on these facts. Section 230 shields providers of online services like Facebook and Instagram from liability for allegations that the provider published content. Plaintiff cannot evade Section 230 by seeking only an injunction: It is black-letter law in the Ninth Circuit that claims for injunctive relief based on alleged conduct covered by Section 230 must be dismissed. *See Rigsby v. GoDaddy Inc.*, 59 F.4th 998, 1009 (9th Cir. 2023) (holding that a claim for injunctive relief "is barred by § 230"). Because Section 230 would bar any substantive claim Plaintiff might seek to assert against Meta, the Court should dismiss the Complaint against Meta with prejudice.

## II.    BACKGROUND

Meta owns and operates online services, including Facebook and Instagram, that allow users to connect with other users; post content like photos, videos, and text; and view content posted by other users. *See* Compl. § III.E ¶ 1. Meta is incorporated in Delaware, and its principal place of business is in California. *Id.*

Plaintiff alleges that, in August 2025, she rented a car through the online platform Turo. Compl. § IV.A ¶ 1. The car included an interior-facing dashcam that recorded video and audio of the driver—allegedly without Plaintiff's knowledge or consent. *Id.* ¶¶ 3–5. Plaintiff alleges that, on her way to return the rented car, she "experienced a moment of distraction and panic. In that moment—a split-second decision to glance at her phone to send a quick message about the return

META PLATFORMS, INC.'S MOTION TO DISMISS - Case No. 2:26-cv-00284-KKE

1

time—her attention lapsed." *Id.* § IV.B. ¶ 1. While distracted, Plaintiff drove the car off the roadway into a ditch, striking a mailbox and seriously damaging the vehicle. *See id.* ¶ 2. Plaintiff alleges that, due to post-accident shock and trauma, she formed the mistaken belief that she had been forced off the road by another car and told both law enforcement and the vehicle "host," Defendant Jose Hernandez Arevalo, that this is how the accident occurred. *Id.* ¶ 4; *id.* § IV.C ¶¶ 1– 2.

The dashcam footage, however, showed that Plaintiff "had been glancing at her phone in the moments before the crash" and that "her distraction alone caused her to lose control." *Id.* § IV.D ¶ 2. Defendant Arevalo allegedly reviewed the footage, formed the belief that Plaintiff had lied to him, and responded by posting an excerpted version of the footage on Facebook. *Id.* § IV.D ¶¶ 3– 4, *Id.* § IV.F ¶ 1. Plaintiff alleges that Meta's algorithms thereafter amplified Defendant Arevalo's post and the video spread online. *Id.* § II.B ¶ 4; *id.* § III.E ¶ 2. Plaintiff claims to have suffered damages from the recording and publication of the dashcam footage. *See id.* § IV.K.

Plaintiff alleges violations of state and federal privacy statutes and related state tort claims against several Defendants, but not Meta. *See* Compl. § V, Counts I–IX. The only claim Plaintiff presses against Meta is for injunctive relief, for "hosting and amplifying unlawfully obtained content" *Id.* Count X.

## III.    LEGAL STANDARDS

"Personal jurisdiction over a nonresident defendant is proper if permitted by a state's long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013) (footnote omitted). When a defendant seeks dismissal under Federal Rule of Civil Procedure 12(b)(2), the "plaintiff bears the burden to show that jurisdiction is proper." *Cascade Yarns, Inc. v. Knitting Fever, Inc.*, No. C10-861 RSM, 2011 WL 31862, at *4 (W.D. Wash. Jan. 3, 2011).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 495–96 (9th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content

META PLATFORMS, INC.'S MOTION TO DISMISS - Case No. 2:26-cv-00284-KKE

2

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 496 (quoting *Iqbal*, 556 U.S. at 678).

## IV.   ARGUMENT

**A.   Because the Court lacks personal jurisdiction over Meta, the Complaint must be dismissed**.

Plaintiff's claims warrant dismissal because the Court lacks personal jurisdiction over Meta. Washington's long-arm statute confers personal jurisdiction only to the extent permitted by due process. *See Little v. Edward Wolff & Assocs. LLC*, No. 2:21-cv-00227-LK, 2023 WL 6196863, at *2 (W.D. Wash. Sept. 22, 2023). "A federal district court may exercise either general or specific personal jurisdiction." *See In re W. States*, 715 F.3d at 741. Here, the Court has neither.

**1.   The Court lacks general jurisdiction over Meta**.

"To establish general jurisdiction, the plaintiff must demonstrate that the defendant has sufficient contacts to constitute the kind of continuous and systematic general business contacts that approximate physical presence." *Id.* (citation modified). For corporations like Meta general jurisdiction is almost exclusively limited to an entity's place of incorporation and principal place of business. *See Tr. of Summers Family Tr. TA Neak Prods. Buff WA Pty. Ltd. v. Nat'l Distrib. Warehouse Inc.*, No. 2:21-cv-797-RSM-DWC, 2021 WL 8445579, at *2–3 (W.D. Wash. Oct. 8, 2021); *see also Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (describing the place of incorporation and principal place of business as the "paradigm all-purpose forums"). Only in "exceptional" circumstances—like when a corporation temporarily relocates its headquarters—will general jurisdiction exist in another forum. *Daimler AG*, 571 U.S. at 139 n.19.

Here, Plaintiff admits that Meta is incorporated in Delaware and has its principal place of business in California. Compl. § III.E ¶ 1. Plaintiff alleges that Meta "conducts continuous and systematic business within Washington State," including by "maintain[ing] millions of users in Washington, operat[ing] offices and data facilities in the Pacific Northwest, conduct[ing] targeted advertising within Washington, and deriv[ing] substantial revenue from Washington-based users and advertisers." Compl. § II.B ¶ 4. But she does not allege any "exceptional" circumstances that could subject Meta to general jurisdiction in Washington. As the U.S. Supreme Court has held,

META PLATFORMS, INC.'S MOTION TO DISMISS - Case No. 2:26-cv-00284-KKE

3

merely doing business in a state is not enough to confer general jurisdiction. *See BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 414 (2017) (finding no general jurisdiction over company with two thousand employees in forum state). Nothing in Plaintiff's allegations approximates a corporate headquarters in Washington or a place of incorporation here.

Thus, as numerous courts have found in similar circumstances, there is no general jurisdiction over Meta. *See, e.g.*, *Russell v. Meta Platforms, Inc.*, No. 4:23-CV-193-SA-DAS, 2024 WL 4800365, at *3 (N.D. Miss. May 29, 2024); *Romero v. Meta Platforms, Inc.*, No. 7:23-CV-03306, 2024 WL 1554826, at *5–6 (D.S.C. Mar. 14, 2024), *report and recommendations adopted*, 2024 WL 3466403 (D.S.C. July 19, 2024), *aff'd*, No. 24-1729, 2024 WL 5200156 (4th Cir. Dec. 23, 2024), *cert. denied*, 145 S. Ct. 1972 (2025); *Rich v. Meta Platforms, Inc.*, No. 21-11956-FDS, 2023 WL 8355932, at *5 (D. Mass. Dec. 1, 2023), *appeal filed* No. 24-1762 (1st Cir. Aug. 22, 2024).

### 2. The Court lacks specific jurisdiction over Meta.

Nor does the Court have specific jurisdiction over Meta. For specific personal jurisdiction to lie, "a plaintiff's claims must arise out of or relate to the defendant's contacts with the forum." *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 983 (9th Cir. 2021) (citation modified). The Ninth Circuit has established a three-part test for specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; *and*
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1090 (9th Cir. 2023) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)) (emphasis added). "Where the claim does not arise out of a defendant's contacts with the forum, there is no specific jurisdiction." *Brooks v. Scott*, No. C09-758-RSL-JPD, 2010 WL 2132064, at *2 (W.D. Wash. Apr. 9, 2010), *report and recommendation adopted*, 2010 WL 2102823 (W.D. Wash. May 25, 2010).

META PLATFORMS, INC.'S MOTION TO DISMISS - Case No. 2:26-cv-00284-KKE

4

Here, there is no specific jurisdiction over Meta because Plaintiff's claims do not arise out of or relate to Meta's contacts with Washington. Plaintiff asserts that Meta is subject to personal jurisdiction in this Court because "Meta's platforms were the initial vector for publication of the illegal content at issue, and Meta algorithmically amplified the content knowing it involved a Washington incident and Washington resident." Comp. § II.B ¶ 4.

While these allegations may support an inference that Plaintiff experienced injuries in Washington, that is irrelevant to whether this Court has specific jurisdiction over Meta. *See Walden v. Fiore*, 571 U.S. 277, 290 (2014) (explaining that the relevant question is "not where the plaintiff experienced a particular injury or effect"). And court after court has found allegations regarding the fact that Meta conducts business in a particular state insufficient to confer specific jurisdiction without a tether to the claims. *See, e.g.*, *Romero*, 2024 WL 1554826, at \*4–5 (ruling it insufficient to confer personal jurisdiction that Meta operates Facebook, which is accessible in the forum state, and that Meta allegedly failed to stop a third-party from posting offending content that injured the plaintiff in the forum state); *Rich*, 2023 WL 8355932, at \*6–10 (explaining that operating Facebook, which is "available to anyone with Internet access," does "not target residents of [the forum state] in general" and whose advertising is "no more likely to solicit customers in" the forum state than anywhere else, was not enough to support specific jurisdiction without a tie to the claims at issue); *Harrison v. Facebook, Inc.*, No. 18-0147-TFM-MU, 2019 WL 1090779, at \*4 (S.D. Ala. Jan. 17, 2019) (rejecting exercising of personal jurisdiction despite "Plaintiff's allegations that Facebook failed to delete content that she or her agent, who happen to be residents of [the forum state] posted on her Facebook page"); *Ralls v. Facebook*, 221 F. Supp. 3d 1237, 1244 (W.D. Wash. 2016) (explaining that a "personal jurisdiction over Facebook may not exist simply because a user avails himself of Facebook's services in a state other than the states in which Facebook is incorporated and has its principal place of business").

Here, Plaintiff's jurisdictional allegations are unconnected with Plaintiff's claims. First, as discussed below, Plaintiff does not allege a single cause of action against Meta. *See* Compl. § V (asserting nine causes of action against defendants other than Meta). While Plaintiff purports to direct Count 10 ("Request for Injunctive Relief Against Platforms") against Meta, "injunctive relief

META PLATFORMS, INC.'S MOTION TO
DISMISS - Case No. 2:26-cv-00284-KKE

5

is a remedy, not an independent cause of action." *McKee v. Gen. Motors Co.*, 601 F. Supp. 3d 901, 910 (W.D. Wash. 2022). Thus, by failing to allege *any* claim against Meta—much less one related to Meta's contacts with Washington—Plaintiff necessarily fails to allege facts sufficient to support this Court's exercise of specific jurisdiction over Meta. *See Herbal Brands, Inc.*, 72 F.4th at 1090.

Nor does it matter that Plaintiff seeks injunctive relief against Meta only to "provide complete relief." Compl. § III.E ¶ 3. "A district court must have personal jurisdiction over a party before it can enjoin its actions." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 711 n.1 (1982); *accord Zepeda v. U.S. Immigr. & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1995) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim."); *Zero Cloud One Intelligent Tech. (Hangzhou) Co. Ltd. v. Flying Heliball LLC*, No. 2:24-cv-01699-JNW, 2024 WL 4665594, at *4 (W.D. Wash. Nov. 4, 2024) ("A court may only grant injunctive relief, of course, if it has personal jurisdiction over the defendants."). And "a plaintiff must establish personal jurisdiction over each defendant individually." *Resnick v. Rowe*, 283 F. Supp. 2d 1128, 1132 (D. Haw. Sept. 8, 2003). Plaintiff cannot bootstrap jurisdictional allegations against other defendants to seek relief against Meta. The Court should therefore dismiss the Complaint as to Meta.

**B.     Plaintiff fails to state any claim for relief against Meta**.

Even if the Court were to reach the merits, Plaintiff has not named Meta as a defendant in connection with any of her substantive claims. As discussed above, the one claim purportedly asserted against Meta—Claim 10, for injunctive relief—is no claim at all. "[I]njunctive relief is a remedy, not an independent cause of action." *McKee*, 601 F. Supp. 3d at 910 (dismissing claim for injunctive in case involving alleged violation of Washington Privacy Act); *see also Block Mining Inc. v. Hosting Source LLC*, No. C24-0319JLR, 2024 WL 3012948, at *8 (W.D. Wash. June 14, 2024) ("As many courts recognize, an injunction is not a cause of action, but rather a remedy." (citation modified)); *Markoff v. Puget Sound Energy, Inc.*, 9 Wn. App. 2d 833, 851, 447 P.3d 577 (2019) ("[A]n injunction is a remedy, not an independent cause of action.").

Because Plaintiff has failed to state a cause of action against Meta, the Court need go no further to grant Meta's Motion on the merits. *See Dahlstrom v. United States*, No. C24-641-

META PLATFORMS, INC.'S MOTION TO DISMISS - Case No. 2:26-cv-00284-KKE

6

RSM, 2025 WL 1149634, at *5, 6 (W.D. Wash. Apr. 18, 2025) (dismissing count seeking only injunctive relief with prejudice).

**C.      Section 230 bars Plaintiff's requested relief against Meta**.

Plaintiff's Complaint against Meta should be dismissed on the merits for the independent reason that Plaintiff's requested relief against Meta is barred as a matter of law by Section 230. 47 U.S.C. § 230. Section 230(c)(1) provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." Section 230(e)(3) gives teeth to this intent by stating unequivocally that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." Section 230 is to be "construed broadly, 'to protect websites not merely from ultimate liability, but from having to fight costly and protracted legal battles.'" *Cross v. Facebook, Inc.*, 14 Cal. App. 5th 190, 206 (2017) (citation omitted). Crucially, Section 230 bars claims based on a service provider's decisions about "reviewing, editing, and deciding whether to publish or to withdraw from publication third-party content." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1102 (9th Cir. 2009).

Under Section 230(c)(1), a claim should be dismissed if (1) the defendant is a "provider … of an interactive computer service[;]" (2) the allegedly offending content was "provided by another information content provider[;]" and (3) the plaintiff's claims treat the defendant as the "publisher" of that content. 47 U.S.C. § 230(c)(1); *Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.*, 144 F. Supp. 3d 1088, 1093 (N.D. Cal. 2015), *aff'd*, 697 F. App'x 526 (9th Cir. 2017).

Plaintiff's request for an injunction—which is based on Meta's alleged failure to remove, and purported amplification of, dashcam footage created and provided by third parties—satisfies all three elements. Indeed, "Plaintiff acknowledges that federal law (47 U.S.C. § 230) may limit Meta's liability for monetary damages for content posted by users." Compl. § III.E ¶ 3; *see also id.* § V, Count X ¶ 2 (similar). But Plaintiff's apparent belief that she can evade Section 230 by merely seeking injunctive relief defies Ninth Circuit law. The Complaint must therefore be dismissed with prejudice as to Meta for this independent reason if the Court reaches the merits.

META PLATFORMS, INC.'S MOTION TO DISMISS - Case No. 2:26-cv-00284-KKE

7

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

### 1.    Meta is an interactive computer service provider.

Section 230 defines an interactive computer service provider as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server." 47 U.S.C. § 230(f)(2). Courts have uniformly ruled that Meta meets that definition. *See, e.g.*, *Cross*, 14 Cal. App. 5th at 206; *Fed. Agency of News LLC v. Facebook, Inc.*, 432 F. Supp. 3d 1107, 1117 (N.D. Cal. 2020); *Ebeid v. Facebook, Inc.*, No. 18-CV-07030-PJH, 2019 WL 2059662, at *3 (N.D. Cal. May 9, 2019); *Sikhs for Justice*, 144 F. Supp. 3d at 1093.

### 2.    The content at issue was provided by another information content provider.

To satisfy this element, the information at issue must come from an "information content provider" that is not Meta. 47 U.S.C. § 230(c)(1). This inquiry is simple if, as here, the "complaint admits that [someone other than Meta] is the source of the information" while "nowhere alleg[ing] that [Meta] provided, created, or developed any portion" of the content. *Fed. Agency of News LLC v. Facebook, Inc.*, 395 F. Supp. 3d 1295, 1305–06 (N.D. Cal. 2019).

Here, Plaintiff alleges that Defendant Arevalo created and edited the dashcam footage that appeared on Facebook and Instagram. *See* Compl. § IV.F ¶ 1. She does not allege that Meta provided or otherwise contributed to creating the dashcam footage. Section 230(c)(1)'s second requirement is thus met. *See, e.g.*, *Reaud v. Facebook Inc.*, No. 23-cv-06329-AMO, 2024 WL 4126066, at *4 (N.D. Cal. Sept. 9, 2024) (ruling that content was provided by another information content provider under Section 230 where the complaint did not "allege that Facebook created or developed" the offending content).

### 3.    Plaintiff's requested relief seeks to treat Meta as a publisher.

Under Section 230, a plaintiff's claim treats a defendant as a "publisher" when it seeks to hold a service provider liable for its purported exercise of "editorial functions"—such as "deciding whether to publish, withdraw, postpone or alter content." *See Barnes*, 570 F.3d at 1102 (citation omitted).

What matters here is not the "name of the cause of action," but "whether the duty that the plaintiff alleges the defendant violated derives from the defendant's status or conduct as a 'publisher or speaker.' If it does, section 230(c)(1) precludes liability." *See Barnes*, 570 F.3d

at 1101–02.

Here, Plaintiff's request for relief is based on her allegations that Meta failed to remove the dashcam footage and amplified the footage. Count X ¶¶ 5–6; *see also id.* § IV.F. These are paradigmatic publishing functions for which Meta cannot be liable as a matter of law. Deciding whether to remove allegedly damaging content is a publishing function that "is perforce immune under Section 230." *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1170–71 (9th Cir. 2008) (holding that "any activity that can be boiled down to deciding whether to exclude material that third parties seek to post online" is protected); *see also, e.g.*, *Reaud*, 2024 WL 4126066, at *5 (ruling that Section 230 barred claims "seek[ing] to hold Facebook liable for its publishing decisions, including whether to … withdraw [third-party content] on its website"); *Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056, 1066 (N.D. Cal. 2016) (ruling that Section 230 barred claims premised on Facebook's decision not to remove third-party content). So too with content amplification, "including [through] algorithms," which is part of a service provider's role "as a publisher of others' content." *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1098 (9th Cir. 2019); *see also Force v. Facebook, Inc.*, 934 F.3d 53, 65–68 (2d Cir. 2019) (holding that using algorithms to promote content is protected by Section 230); *Prager Univ. v. Google LLC*, 85 Cal. App. 5th 1022, 1034 (2022) (same).

### 4.    Plaintiff's demand for only injunctive relief does not evade Section 230.

Plaintiff cannot escape Section 230's reach by disclaiming monetary relief against Meta, *see* Compl. § III.E ¶ 1; *id.* § V. Ninth Circuit law makes plain that Section 230 applies equally to injunctive relief. *See Rigsby*, 59 F.4th at 1009 (holding that a claim for injunctive relief "is barred by § 230"). Other courts are in accord. *See, e.g.*, *Ben Ezra, Weinstein & Co., Inc. v. Am. Online Inc.*, 206 F.3d 980, 983, 986 (10th Cir. 2000) (affirming summary judgment for defendant on both damages and injunctive relief under Section 230); *Noah v. AOL Time Warner, Inc.*, 261 F. Supp. 2d 532, 539–40 (E.D. Va. 2003) (rejecting argument that Section 230 does not apply to injunctive relief and dismissing claims), *aff'd* No. 03-1770, 2004 WL 602711 (4th Cir. Mar. 24, 2004); *Smith v. Intercosmos Media Grp., Inc.*, No. CIV. A. 02-1964, 2002 WL 31844907, at *4–5 (E.D. La. Dec. 17, 2002) (same); *Kathleen R. v. City of Livermore*, 87 Cal. App. 4th 684, 698 (2001) (same);

META PLATFORMS, INC.'S MOTION TO
DISMISS - Case No. 2:26-cv-00284-KKE

9

*see also Republican Nat'l Comm. v. Google, Inc.*, No. 2:22-cv-01904-DJC-JBP, 2023 WL 5487311, at \*7 (E.D. Cal. Aug. 24, 2023) (explaining that immunity under another provision of Section 230—Section 230(c)(2)—covers claims for injunctive relief).

**D.      Because any amendment would be futile, the Court should dismiss with prejudice**.

Any dismissal on the merits should be with prejudice because granting Plaintiff leave to amend would be futile. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (explaining that dismissal with prejudice is warranted when amending complaint would be futile). There is no conceivable amendment Plaintiff could plead on these facts that could escape immunity under Section 230. Her allegations against Meta all boil down to claiming that Meta failed to remove allegedly offending content and amplified that offending content. Because both activities, even if true, are core publishing functions, Section 230 will preclude relief in all events. *See Diep v. Apple, Inc.*, No. 22-16514, 2024 WL 1299995, at \*1 (9th Cir. Mar. 27, 2024) ("The district court correctly concluded that the immunity afforded by § 230 renders amendment futile for these five claims." (citation modified)); *Caraccioli*, 167 F. Supp. 3d at 1067 ("Because Plaintiff's claims against Facebook are barred as a matter of law by § 230(c), the court finds that allowing for their amendment would be futile.").

## V.      CONCLUSION

For these reasons, Meta asks the Court to dismiss the Complaint with prejudice.

META PLATFORMS, INC.'S MOTION TO DISMISS - Case No. 2:26-cv-00284-KKE

10

Dated: May 6, 2026

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: *s/Aaron P. Brecher*
Aaron P. Brecher (WSBA No. 47212)
abrecher@orrick.com
401 Union Street, Suite 3300
Seattle, WA  98101-2668
Telephone:  +1 206 839 4300
Facsimile:  +1 206 839 4301

Michelle Visser (*Pro Hac Vice* Forthcoming)
mvisser@orrick.com
405 Howard Street
San Francisco, CA  94104
Telephone:  + 1 415 773 5700

*Attorneys for Defendant Meta Platforms, Inc.*

Counsel certifies that this memorandum contains 3,822 words, in compliance with the Local Civil Rules.

META PLATFORMS, INC.'S MOTION TO DISMISS - Case No. 2:26-cv-00284-KKE

11

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300