THE HONORABLE KYMBERLY K. EVANSON

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

# AT SEATTLE

IN THE MATTER OF: G.P., an individual,
   Plaintiff,

v.

JOSE HERNANDEZ AREVALO, an
individual;

MARICELA JIMENEZ, an individual;

TURO, INC., a Delaware corporation; et al.,
   Defendants.

Case No. 2:26-cv-00284-KKE

# EXHIBIT A

# TO DECLARATION OF RONALD A. ROSSI

# IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT TURO, INC.'S

# MOTION TO COMPEL ARBITRATION AND STAY ACTION

*Relevant Excerpts — Video Conference Call of March 9, 2026*

*(Ronald A. Rossi, Counsel for Plaintiff / Matt Brown, Associate General Counsel, Turo, Inc.)*

# FOUNDATIONAL NOTE

The following are verbatim excerpts from the recorded transcript of a video conference call held on March 9, 2026, at approximately 6:00 PM UTC. The call lasted 14 minutes and 49 seconds and was recorded with Mr. Brown's knowledge and agreement. The full transcript is retained by counsel and available for in camera review

upon Court order. Timestamps reference the point in the recording at which each passage occurs.

Note Regarding Federal Rule of Evidence 408: The March 9, 2026 call also contained discussion of settlement amounts. Those offers, counter-offers, and dollar figures are NOT reproduced in this Exhibit and have been deliberately omitted. The excerpts below are offered solely for permissible purposes under FRE 408(b): (i) admissions of fact by Turo's Associate General Counsel regarding Arevalo's removal from the platform; (ii) statements bearing on the adequacy of Turo's camera disclosure; (iii) statements regarding Turo's forum strategy; and (iv) Plaintiff's counsel's assertion that Wiretap Act claims are not arbitrable, and Mr. Brown's non-response. All settlement figures have been omitted.

**Excerpt 1   (Declaration ¶ 3)**

**Turo's Statement That Compelling Arbitration Is Its "First Move"**
*[Timestamp: 2:59–3:25   |   Speaker(s): Matt Brown (Turo Associate General Counsel)]*

BROWN: "I would want if if we can't resolve it, I would like to arbitrate these claims because that's what I'm going to hire my lawyers to do. We're we're going to bring the terms of service and we're going to say, hey, this person agreed to the terms of service has an arbitration provision. We don't belong in court. And so we . . . need to take this over here to right now it would be AAA. So you can, I don't, you don't need to answer me now, but that is our that is the first move we will always make."

**Excerpt 2   (Declaration ¶ 4)**

**Mr. Brown's Acknowledgment Regarding the Sympathetic Nature of Plaintiff's Circumstances**

*[Timestamp: 4:51–5:28  |  Speaker(s): Ronald Rossi / Matt Brown (Turo Associate General Counsel)]*

ROSSI: ". . . [M]ostly I've got this lady . . . she's in the hospital right now. I mean, it's a it's a very sympathetic case . . . this woman has had hundreds of of threats to to kill her from people. . . . Once these people get sawed on to someone, she, her life has been totally miserable. She's physically in a hospital."

BROWN: "Well, definitely you're, yeah."

**Excerpt 3   (Declaration ¶ 5)**

**Plaintiff's Counsel's Statement That Wiretap Act Claims Are Not Arbitrable; No Dispute From Mr. Brown**

*[Timestamp: 5:47–5:59  |  Speaker(s): Ronald Rossi]*

ROSSI: "I don't think you can refer to arbitration a violation of the Federal Wire[tap] Act. That's a criminal offense. And there's a lot of other stuff that's not going to be sympathetic to your case."

[Note: Mr. Brown did not dispute this statement or assert that Federal Wiretap Act claims were arbitrable. The conversation continued to other matters.]

**Excerpt 4   (Declaration ¶ 7)**

**Mr. Brown's Acknowledgment That Washington May Not Be a Favorable Venue for Turo**

*[Timestamp: 7:37–8:05 | Speaker(s): Matt Brown (Turo Associate General Counsel)]*

BROWN: ". . . I also take your point that some of these claims might be trickier than others and Washington might not be the most friendly venue we could be in. But overall this is our strategy and it generally works across 50 states, so. You know, it's like it is what we're going to do."

### Excerpt 5   (Declaration ¶ 8)

### The Camera Disclosure — Mr. Brown's Acknowledgment That It Did Not State the Camera Was Pointed at the Driver

*[Timestamp: 10:36–11:17 | Speaker(s): Ronald Rossi / Matt Brown (Turo Associate General Counsel)]*

ROSSI: "I could tell you she had no idea that there was a camera recording her when she was in the car . . . it would be like saying . . . there's a backup camera on your car. That's how she interpreted what was going on. . . . [N]ot that it was videotaping everything she said inside the car and everything, every expression she had and everything that was going on."

BROWN: "I hear that. I hear that because, well, it says what it literally says is there's a dash Cam installed on the vehicle just for safety. You're more than welcome to unplug it. Now, granted, it didn't say it's pointed at the driver. I don't know what dash Cam necessarily means to different people, but it's at least it's a fact."

**Excerpt 6   (Declaration ¶ 6)**

**Mr. Brown's Admission That Host Arevalo Was Removed ("Kicked Out") From the Turo Platform**

*[Timestamp: 11:38–11:47   |   Speaker(s): Matt Brown (Turo Associate General Counsel)]*

BROWN: "Agreed. Yeah. Hey, I agree. He's gone by the way. We we don't like people like that on the platform. He's been, he's been kicked out."

## CERTIFICATION OF COUNSEL

I, Ronald A. Rossi, certify that the foregoing excerpts are true and accurate verbatim reproductions of the specified portions of the recorded transcript of the March 9, 2026 video conference call. Omissions are marked by ellipses. No language has been added, altered, or transposed. Settlement figures have been omitted pursuant to Federal Rule of Evidence 408.

/s/Ronald G. Rossi

Ronald A. Rossi

WSBA No. 54720 | CBA No. 10366

Counsel for Plaintiff G.P.

Dated: May 7, 2026.