The Honorable Kymberly K. Evanson

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN THE MATTER OF: G.P, an individual,

Plaintiff,

v.

JOSE HERNANDEZ AREVALO, an individual; MARICELA JIMENEZ, an individual; TURO INC., a Delaware corporation; META PLATFORMS, INC., a Delaware corporation; REDDIT, INC., a Delaware corporation; YOUTUBE, LLC, a Delaware limited liability company; ATLANTA BLACK STAR, INC., a Georgia corporation; INSIDE EDITION, INC., a New York corporation; and JOHN DOES 1-10, individuals or entities unknown,

Defendants.

Case No. 2:26-cv-00284-KKE

**DEFENDANT TURO INC.'S MOTION TO STRIKE**

**NOTE ON MOTION CALENDAR: JUNE 23, 2026**

### INTRODUCTION

This Court should issue an order striking allegations from plaintiff G.P.'s ("Plaintiff") Amended Complaint that improperly quote and rely upon alleged statements made by Turo's in-house counsel during a confidential settlement discussion between the parties. Prior to filing its motion to compel arbitration, Turo engaged in confidential discussions with Plaintiff's counsel to attempt to resolve the claims against Turo. Plaintiff's counsel, however, allegedly recorded that discussion without Turo's counsel's knowledge or consent, and improperly quotes Turo's counsel's statements in the Amended Complaint. Although those allegations have no legal

DEFENDANT TURO INC.'S MOTION TO STRIKE (CASE NO. 2:26-CV-00284-KKE) - 1

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

relevance to Turo's pending motion to compel arbitration, they are being used by Plaintiff to establish liability against Turo (or other defendants) relating to Turo's policies about the use of dashcams. The statements are therefore fully protected under Federal Rule of Evidence ("FRE") 408 and should be stricken from the Amended Complaint.

## BACKGROUND

On January 25, 2026, Plaintiff filed her complaint against Turo and others. (*See* Compl. Dkt. # 1.) Following Turo's motion to compel arbitration, Plaintiff filed an Amended Complaint purporting to cure the defects in her complaint in response to Turo's motion and Meta's motion to dismiss. (Dkt. # 59.)

As relevant to this motion, the Amended Complaint contains three factual allegations that are allegedly based on confidential settlement discussions with Turo's in-house counsel that Plaintiff's counsel allegedly recorded and transcribed. (*See* Dkt. # 59 ¶¶ III.D.2, IV.A.5, IV.E.5; Dkt. # 44-1.) Specifically, the Amended Complaint provides as follows:

- "Turo's own Associate General Counsel acknowledged during a recorded call on March 9, 2026, that Arevalo was removed from Turo's platform as a result of his conduct with the camera and the subsequent dissemination of the recording— constituting Turo's own recognition that his acts were wrongful and outside the scope of any authorized platform use." (Dkt. # 59 ¶ III.D.2.)
- "Turo's own Associate General Counsel acknowledged that the pre-trip message 'didn't say the camera is pointed at the driver,' confirming that the disclosure was not legally sufficient under Turo's own policies or applicable law." (*Id.* ¶ IV.A.5.)
- "Turo's own Associate General Counsel acknowledged that the message 'didn't say the camera is pointed at the driver' confirming that the disclosure was legally insufficient." (*Id.* ¶ IV.E.5.)

In prior filings, Plaintiff's counsel admitted that these statements arise from a call that "contained discussion of settlement amounts" that are protected under FRE 408. (Dkt. # 44-2 at 2.)

Notably, Turo's in-house counsel did not consent to G.P.'s counsel recording their discussions or including them in her amended pleading. (*See* Decl. of Kristin Asai in Supp. of Mot. to Strike ("Asai Decl."), Ex. 1.) Turo has repeatedly asked G.P. for a copy of the purported

recording or the complete transcript of the confidential settlement discussions to confirm the statements allegedly made by Turo's in-house counsel and to identify whether Plaintiff's counsel provided notice of the recording. (*Id.* ¶ 2, Ex. 1.) Plaintiff has repeatedly refused to provide that information, and during a conferral on the present motion to strike, Plaintiff refused to remove the challenged statements from her Amended Complaint. (*Id.* ¶ 3.)

## LEGAL STANDARDS

Under Rule 12(f), a court may strike material from a complaint that is "redundant, immaterial, impertinent, or [of a] scandalous matter." Fed. R. Civ. P. 12(f). Courts in the Ninth Circuit regularly grant motions to strike allegations in complaints that violate FRE 408, which protects confidential settlement communications, on the basis that the contents of settlement discussions are inadmissible and therefore immaterial and prejudicial. *See Stewart v. Wachowski,* No. CV 03–2873 MMM (VBKx), 2004 WL 5618386, at *2 (C.D. Cal. Sept. 28, 2004) (collecting cases striking allegations from complaints based on Fed. R. Evid. 408, even though it is a rule of evidence); *Rivera v. McGaffey*, No. C11-5942 RJB/KLS, 2013 WL 5314426, at *9 (W.D. Wash. Sept. 23, 2013) (granting motion to strike allegation in complaint containing settlement negotiations).

## ARGUMENT

Plaintiff's Amended Complaint improperly includes alleged statements made during confidential settlement communications with Turo that should be stricken from the record under FRE 408. Rule 408 prohibits any party from submitting evidence of: "(1) furnishing, promising, or offering . . . a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or a statement made during compromise negotiations about the claim" except in specific circumstances. Fed. R. Evid. 408(a). The purpose of Rule 408 is to "protect the confidentiality of settlement negotiations." *McCown v. City of Fontana*, 565 F.3d 1097, 1105 n.4 (9th Cir. 2009). As such, a court has authority to strike material presented in violation of the rule from the record. *See, e.g.*, *Network of Const. & Dev. v. Bessamaire Sales, LLC*, No. CV-11-269-

DEFENDANT TURO INC.'S MOTION TO STRIKE (CASE NO. 2:26-CV-00284-KKE) - 3

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

RMP, 2012 WL 1565313, at *2 (E.D. Wash. May 2, 2012) (granting motion to strike emails between parties' counsel and executives involving settlement discussions); *United States v. Washington*, No. C70-9213 RSM, 2011 WL 4945211, at *3 (W.D. Wash. Oct. 18, 2011) (same as to declaration containing records of settlement communications); *Nw. Pipeline Corp. v. The 20' x 1,430' Pipeline Right of Way Easement*, 197 F. Supp. 2d 1241, 1242 n.1 (E.D. Wash. 2002) (same).

Here, the allegations in paragraphs III.D.2, IV.A.5, and IV.E.5 should be stricken from Plaintiff's Amended Complaint for two independent reasons. First, Plaintiff's counsel lacked consent to record the confidential settlement discussion with Turo's in-house counsel. Turo has made clear to Plaintiff that Turo's in-house counsel has no recollection of being notified of the recording, and that if he was given notice, his standard response is to deny consent. (Asai Decl., Ex. 1.) Turo therefore repeatedly asked for a copy of the full recording or transcript to confirm that notice and consent were provided, but Plaintiff has refused each request. (*Id.*) Plaintiff's refusal to provide evidence of consent for the recording is particularly surprising here when the heart of Plaintiff's claims arise from an allegedly illegal and undisclosed recording. Nevertheless, because Plaintiff has failed to provide any evidence of consent (or even the purported transcript of the entire call), Turo assumes for purposes of this motion that its counsel did not consent and the recording was illegal under the applicable law. [1] (*Id.* ¶ 2); *see, e.g.*, Cal. Pen. Code § 632(a) (providing criminal and civil liability against any person "who, intentionally and without the consent of all parties to a confidential communication, uses an electronic amplifying or recording device to eavesdrop upon or record the confidential communication . . ."). As such, any evidence from the improper recording is inadmissible and should be stricken. *See Geragos v. Abelyan*, 88 Cal. App. 5th 1005, 1030–31 (2023) (affirming ruling that recording and transcript obtained in violation of Cal. Pen. Code § 632 were inadmissible in civil proceeding).

---

[1] At the time of the settlement call, Turo's counsel was in California.

DEFENDANT TURO INC.'S MOTION TO STRIKE (CASE NO. 2:26-CV-00284-KKE) - 4

In addition, Plaintiff's allegations should be stricken because they directly violate FRE 408. As set forth above, FRE 408 protects any "statement made during compromise negotiations about the claim" when used to either "prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a). But even without specific offer amounts, the allegations in paragraphs III.D.2, IV.A.5, and IV.E.5 are plainly offered to prove "the validity" of Plaintiff's claim; they are offered to show that Turo allegedly knew its Host (Arevalo) violated Turo's policy and removed him from Turo's platform. Those facts, if true, directly relate to her allegations of liability against Turo and the Host. Accordingly, the confidential settlement statements are protected by FRE 408 and should be stricken from the Amended Complaint.

## CONCLUSION

For the foregoing reasons, the Court should grant Turo's motion and strike the allegations in paragraphs III.D.2, IV.A.5, and IV.E.5 of the Amended Complaint that improperly disclose confidential settlement discussions.

Dated this 2nd day of June, 2026.

I certify that this memorandum contains 1,291 words, in compliance with the Local Civil Rules.

HOLLAND & KNIGHT LLP

By: _s/Kristin Asai_
Kristin Asai, WSBA No. 49511
E-mail: kristin.asai@hklaw.com
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300
Fax: 503.241.8014

_Of Attorneys for Defendant Turo Inc._

DEFENDANT TURO INC.'S MOTION TO STRIKE (CASE NO. 2:26-CV-00284-KKE) - 5