Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In the Matter of:

G.P., an individual,

Plaintiff,

v.

JOSE HERNANDEZ AREVALO, an individual; MARICELA JIMENEZ, an individual; TURO, INC., a Delaware Corporation; META PLATFORMS, INC., a Delaware Corporation; REDDIT, INC., a Delaware Corporation; YOUTUBE, LLC, a Delaware Limited Liability Company; ATLANTA BLACK STAR, INC., a Georgia Corporation; INSIDE EDITION, INC., a New York Corporation; and JOHN DOES 1-10, individuals or entities unknown,

Defendants.

Case No. 2:26-cv-00284-KKE

**META PLATFORMS, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Note on Motion Calendar: June 30, 2026

META PLATFORMS, INC.'S MOTION TO DISMISS - Case No. 2:26-cv-00284-KKE

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ........................................................................................................... 1

II.     BACKGROUND .............................................................................................................. 2

III.    LEGAL STANDARD ...................................................................................................... 4

IV.     ARGUMENT ................................................................................................................... 5

        A.      Because Plaintiff fails to allege that the posted footage included any
                communication or that Meta had reason to know that the recording was
                illegal, she fails to state a claim against Meta ................................................... 5

                1.      Plaintiff fails to allege that the footage included any
                        communication ..................................................................................... 5

                2.      Plaintiff has failed to allege an actionable state of mind ..................... 6

        B.      Because Section 230 bars any other relief against Meta, the Court should
                dismiss with prejudice. ....................................................................................... 7

                1.      Meta is an interactive computer service provider ................................ 8

                2.      The content at issue was provided by another information content
                        provider ............................................................................................... 9

                3.      Any other requested relief would treat Meta as a publisher ................. 9

V.      CONCLUSION .............................................................................................................. 10

META PLATFORMS, INC.'S MOTION TO          i
DISMISS - Case No. 2:26-cv-00284-KKE

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................. 4, 5, 7

*Barnes v. Yahoo!, Inc.*,
   570 F.3d 1096 (9th Cir. 2009) ........................................................................................ 8, 9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................ 7

*Caraccioli v. Facebook, Inc.*,
   167 F. Supp. 3d 1056 (N.D. Cal. 2016) ..................................................................... 10

*Cross v. Facebook, Inc.*,
   14 Cal. App. 5th 190 (2017) ............................................................................................ 8

*Diep v. Apple, Inc.*,
   No. 22-16514, 2024 WL 1299995 (9th Cir. Mar. 27, 2024) ................................... 10

*Dyroff v. Ultimate Software Grp., Inc.*,
   934 F.3d 1093 (9th Cir. 2019) ....................................................................................... 10

*Ebeid v. Facebook, Inc.*,
   No. 18-CV-07030-PJH, 2019 WL 2059662 (N.D. Cal. May 9, 2019) ................................ 8, 9

*Eminence Cap., LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) ....................................................................................... 10

*Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*,
   521 F.3d 1157 (9th Cir. 2008) .......................................................................................... 9

*Fed. Agency of News LLC v. Facebook, Inc.*,
   395 F. Supp. 3d 1295 (N.D. Cal. 2019) ........................................................................ 9

*Fed. Agency of News LLC v. Facebook, Inc.*,
   432 F. Supp. 3d 1107 (N.D. Cal. 2020) ........................................................................ 8

*Force v. Facebook, Inc.*,
   934 F.3d 53 (2d Cir. 2019) ............................................................................................ 10

*Gossage v. Office of Personnel Mgmt.*,
   No. 3:24-cv-05765-TMC, 2025 WL 623665 (W.D. Wash. Feb. 26, 2025) ......................... 3, 5

*India Price v. Carnival Corp.*,
   712 F. Supp. 3d 1347 (S.D. Cal. 2024) .......................................................................... 6

*Johnson v. Fed. Home Loan Mortg. Corp.*,
   793 F.3d 1005 (9th Cir. 2015) ..................................................................................... 4, 5

META PLATFORMS, INC.'S MOTION TO                    ii
DISMISS - Case No. 2:26-cv-00284-KKE

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

*MGIC Indem. Corp. v. Weisman*,
    803 F.2d 500 (9th Cir. 1986).................................................................................................5

*Nayab v. Cap. One Bank (USA), N.A.*,
    942 F.3d 480 (9th Cir. 2019)..............................................................................................4, 5

*Noel v. Hall*,
    568 F.3d 743 (9th Cir. 2009)................................................................................................6

*Prager Univ. v. Google LLC*,
    85 Cal. App. 5th 1022 (2022)............................................................................................. 10

*Reaud v. Facebook Inc.*,
    No. 23-cv-06329-AMO, 2024 WL 4126066 (N.D. Cal. Sept. 9, 2024)..............................9, 10

*S.D. v. Hytto Ltd.*,
    No. 18-cv-00688-JSW, 2019 WL 8333519 (N.D. Cal. May 15, 2019) ..................................6

*Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.*,
    144 F. Supp. 3d 1088 (N.D. Cal. 2015), *aff'd*, 697 F. App'x 526 (9th Cir.
    2017)..................................................................................................................................8, 9

**Statutes**

18 U.S.C. § 2511(1)(c) ...............................................................................................2, 4, 5, 6

18 U.S.C. § 2511(1)(d) ...............................................................................................2, 4, 5, 6

47 U.S.C. § 230 ........................................................................................................*passim*

47 U.S.C. § 230(c) ....................................................................................................... 10

47 U.S.C. § 230(c)(1) ..................................................................................................8, 9

47 U.S.C. § 230(e)(3) ..................................................................................................8

47 U.S.C. § 230(e)(4) ..................................................................................................8

47 U.S.C. § 230(f)(2) ..................................................................................................8

Federal Wiretap Act .................................................................................................*passim*

**Rules**

Fed. R. Civ. P. 12(b)(6) .............................................................................................4

META PLATFORMS, INC.'S MOTION TO
DISMISS - Case No. 2:26-cv-00284-KKE

iii

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

## I.    INTRODUCTION

Plaintiff G.P.'s claims stem from allegedly unlawfully recorded dashcam footage of Plaintiff looking at her phone for "approximately twenty (20) seconds" while driving a rental car and eventually running off the road. Plaintiff has sued, among others, the "host" of the car who allegedly recorded the footage and posted it online. Plaintiff's original Complaint acknowledged that Section 230 of the Communications Decency Act would likely preclude any damages claim against Meta, asserted no substantive wrongdoing by Meta, and sought only equitable relief. The First Amended Complaint ("FAC")—filed only after Meta moved to dismiss—attempts to circumvent that concession by grafting an implausible federal Wiretap Act theory onto the facts. But this new claim against Meta fails across the board.

First, Plaintiff's FAC does not, and cannot, allege that the dashcam footage that Meta allegedly "amplified" on Facebook and Instagram included any communication at all for purposes of her claim: Plaintiff was alone in her car and not speaking to anyone. The federal Wiretap Act, accordingly, does not apply. Second, even if the footage included a communication that *might* be subject to the Wiretap Act (it does not), the FAC does not plausibly allege that Meta "knew or had reason to know" that the footage was obtained illegally, particularly since the FAC acknowledges, for the first time, that Plaintiff *was* given prior notice that the car was equipped with a dashcam and that she declined the express invitation to unplug it. Because Section 230 would bar any other substantive claim Plaintiff might seek to assert against Meta, the Court should dismiss the FAC with prejudice.

On the face of the two complaints—and the dashcam footage incorporated by reference into the FAC—Plaintiff broke the law and endangered the public; gave a false statement to police about being run off the road; repeated that false statement to the rental "host" who posted the footage; and then falsely asserted in her original Complaint both that "[a]t no point" did she receive any notice that the vehicle "contained any recording device whatsoever" and that the crash resulted from just a "split-second decision" to look at her phone. Compl. ¶ IV.A.2, IV.B.1. She seeks to recover a windfall from Meta as a reward for her misconduct, but her sole claim against Meta fails on the merits and should be dismissed at the outset of this litigation.

META PLATFORMS, INC.'S MOTION TO
DISMISS - Case No. 2:26-cv-00284-KKE

1

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

## II.    BACKGROUND

Meta owns and operates online services, including Facebook and Instagram, that allow users to connect with other users; post content like photos, videos, and text; and view content posted by other users. *See* FAC § III.E ¶ 1.

Plaintiff alleges that, in August 2025, she rented a car through the online platform Turo. *Id.* § IV.A ¶ 1. The car included an interior-facing dashcam that recorded video and audio of the driver—allegedly without Plaintiff's knowledge or consent despite express notice from the "host," Defendant Arevalo, that there was a "dashcam installed on the vehicle." *Id.* ¶¶ 2–5, 8. Plaintiff alleges that, on her way to return the rented car, she experienced a "period of distraction" and looked down at her phone for "approximately twenty (20) seconds" before driving the car off the road and into a ditch and seriously damaging the vehicle. *Id.* § IV.B ¶¶ 1–2. Plaintiff alleges that, due to post-accident shock and trauma, she formed the mistaken belief that she had been forced off the road by another car and told both law enforcement and Arevalo this false account of how the accident occurred. *Id.* ¶¶ 3–4; *id.* § IV.C ¶¶ 1–2. Plaintiff admits, however, that her "distraction was solely responsible for the accident." *Id.* § IV.B ¶ 4.

Defendant Arevalo allegedly reviewed the footage, formed the belief that Plaintiff had lied to him, and responded by posting an excerpted version of the footage on Facebook. *Id.* § IV.D ¶¶ 3–4, *Id.* § IV.F ¶ 1. Plaintiff alleges that the posted footage showed "her expressions, her distress, and her voice as she screamed in panic." *Id.* § IV.F ¶ 2. She does not allege that the footage included her communicating with anyone else. According to the FAC, Meta's algorithms thereafter amplified Defendant Arevalo's post and the video spread online. *Id.* § IV.F ¶ 5. Plaintiff claims to have suffered damages from the recording and publication of the dashcam footage. *See id.* § IV.K. Plaintiff now accuses Meta of violating 18 U.S.C. §§ 2511(1)(c)–(d) by disclosing or using the footage while "know[ing] or hav[ing] reason to know of its *potentially* unlawful origin." *See id.* § V, Count XI. ¶ 4 (emphasis added).

Comparing the original Complaint and the FAC highlights Plaintiff's apparent pattern of shifting allegations. As was the case with her changing tale of the accident, Plaintiff's FAC implicitly acknowledges that her Original Complaint made at least two material misrepresentations.

First, Plaintiff's original Complaint alleged that "[a]t no point—not during the online booking, not in any pre-rental communication, not during pickup—did Turo, Defendant Arevalo, or any representative inform Ms. G.P. that the vehicle contained any recording device whatsoever." Compl. § IV.A ¶ 2.[1] The Complaint insisted: "There was no disclosure. There was no opportunity for Ms. G.P. to provide consent. There was no warning." *Id.* But the FAC tells a different story. Now, Plaintiff concedes that, before picking up the vehicle, "Defendant Arevalo sent her a message through Turo's platform stating, in relevant part, that 'there is a dashcam installed on the vehicle just for safety' and that she was 'more than welcome to unplug it if you aren't comfortable.'" FAC § IV.A ¶ 3. Plaintiff further admits that she "received and read this message and replied, 'Thank you.'" *Id.* Thus, Plaintiff went from categorically denying any disclosure to acknowledging that Arevalo told her about the camera—and that she affirmatively responded without contest. The FAC attempts to reframe the admission by arguing that the message "did not disclose that the dashcam was interior-facing and positioned to capture the driver's face, expressions, voice, and in-cabin conduct." FAC § IV.A ¶ 4. But Plaintiff does not allege that any contrary representations were ever made. [2] Nor does Plaintiff contest that she chose to proceed with the rental without unplugging the dashcam.

Second, Plaintiff has departed from her original allegations regarding the moments before the crash. In her original Complaint, Plaintiff alleged that she "experienced a moment of distraction and panic. In that moment—*a split-second decision* to glance at her phone to send a quick message about the return time—her attention lapsed." Compl. § IV.B. ¶ 1 (emphasis added). The FAC acknowledges otherwise. Now, Plaintiff admits that she experienced a "period of distraction" of about "twenty (20) seconds" looking down at her phone. FAC § IV.B ¶ 1. As confirmed in the video itself—which the FAC repeatedly incorporates by reference—Plaintiff was staring at her phone while texting for twenty seconds with both hands off the wheel, traveling on a two-lane road

---

[1] The Court may take judicial notice of Plaintiff's prior Complaint. *See Gossage v. Office of Personnel Mgmt.*, No. 3:24-cv-05765-TMC, 2025 WL 623665, at *3 (W.D. Wash. Feb. 26, 2025).

[2] Plaintiff does not expressly allege that she believed, or had reason to believe, that the orientation of the dashcam affected its ability to capture her voice.

META PLATFORMS, INC.'S MOTION TO DISMISS - Case No. 2:26-cv-00284-KKE

3

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

with oncoming traffic immediately before running off the road.[3]

Plaintiff's claims against Meta have shifted just as dramatically. In the original Complaint, Plaintiff named Meta "for the purpose of obtaining injunctive relief—specifically, to compel removal of the unlawfully obtained video from Meta's platforms and to prevent further republication via Meta's services." Compl. § III.E ¶ 3. Plaintiff expressly "acknowledge[d] that federal law (47 U.S.C. § 230) may limit Meta's liability for monetary damages for content posted by users" and stated that she "does not seek monetary damages from these Defendants at this time." *Id.*; *id.* § V, Count X ¶ 2. In contrast, the FAC asserts that "Meta is named not only for injunctive relief but because Meta received, used, and facilitated the disclosure of the contents of an illegally intercepted communication in violation of 18 U.S.C. §§ 2511(1)(c) and (d)." FAC § III.E ¶ 3. In support of her conclusion that Meta "had reason to know" the video may have been unlawfully obtained, Plaintiff alleges that Meta's systems "are designed to flag content posted with certain hashtags (e.g., #dashcam) that *may* involve third parties recorded without consent." *Id.* § V, Count XI ¶ 4 (emphasis added). Plaintiff also suggests that the pre-trip message Arevalo sent to Plaintiff further provided Meta "a factual basis to know or have reason to know of its potentially unlawful origin," *id.*, but the FAC does not allege that Meta ever saw that message, had access to the message, or had any means of learning its contents. Under this new theory, Plaintiff seeks statutory damages of $10,000 per unspecified "violation," punitive damages, an injunction, and attorneys' fees against Meta. *Id.* § VI ¶ 4.

## III.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Nayab v. Cap. One Bank (USA), N.A.*, 942 F.3d 480, 495–96 (9th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[3] The Court need not accept as true allegations that contradict documents that are referenced in the FAC. *Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005, 1008 (9th Cir. 2015). Given Plaintiff's claims that the video identifies her, and the Court's Order authorizing her to proceed by pseudonym, Meta does not link to the video here but will provide the link on request.

META PLATFORMS, INC.'S MOTION TO DISMISS - Case No. 2:26-cv-00284-KKE

4

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

alleged." *Id.* at 496 (quoting *Iqbal*, 556 U.S. at 678). On a motion to dismiss, a court may consider documents incorporated by reference into the complaint and "may take judicial notice of matters of public record outside the pleadings, including prior court filings." *Gossage*, 2025 WL 623665, at *3 (citation omitted); *see also Johnson*, 793 F.3d at 1008 (explaining that courts need not accept allegations contradicted by documents incorporated by reference); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (taking judicial notice of motion to dismiss and memorandum filed in earlier lawsuit by counsel for the plaintiff).

## IV.   ARGUMENT

### A.   Because Plaintiff fails to allege that the posted footage included any communication or that Meta had reason to know that the recording was illegal, she fails to state a claim against Meta.

Plaintiff asserts that Meta has violated 18 U.S.C. §§ 2511(1)(c)–(d). Those claims fail. Section 2511(1)(c) imposes liability for disclosing the contents of communications despite knowing or having reason to know that they were obtained illegally:

> [No person may] intentionally disclose[] or endeavor[] to disclose to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection.

18 U.S.C. § 2511(1)(c). And Section 2511(1)(d) prohibits the intentional uses of such communications despite knowing or having reason to know they were intercepted illegally. Plaintiff fails to allege the elements required to state a claim under these Sections. To start, the FAC does not allege that the dashcam footage that was allegedly posted on Facebook and Instagram included any "communication" within the meaning of the Wiretap Act. Second, the FAC fails to sufficiently allege that Meta had reason to know of any illegality. These failings are fatal.

### 1.   Plaintiff fails to allege that the footage included any communication.

Plaintiff's federal Wiretap Act claim fails at the outset because she does not allege that the dashcam footage that Meta allegedly amplified included any wire, oral, or electronic communication that might be subject to the Act in the first place. According to the FAC, Plaintiff was alone in her car and not speaking to anyone in the moments before the crash. The FAC merely alleges that, when she drove off the road, she "screamed in panic." FAC § IV.F ¶ 2. This is no

META PLATFORMS, INC.'S MOTION TO DISMISS - Case No. 2:26-cv-00284-KKE

5

communication at all under the Act.

"Wiretapping requires a third party to the communication." *India Price v. Carnival Corp.*, 712 F. Supp. 3d 1347, 1355 (S.D. Cal. 2024). And there cannot be a third party to a communication unless the underlying communication includes at least two parties. *See S.D. v. Hytto Ltd.*, No. 18-cv-00688-JSW, 2019 WL 8333519, at *8 (N.D. Cal. May 15, 2019) (analyzing whether communication at issue was single-party or two-party). Here, Plaintiff does not, and cannot, allege that she was speaking to anyone during the footage that was allegedly posted on Facebook and thereafter amplified. Because there was no two-party communication, there can be no liability. *India Price*, 712 F. Supp. 3d at 1355. On this basis alone, Plaintiff's claim cannot proceed.

### 2. Plaintiff has failed to allege an actionable state of mind.

Even if the video that Defendant Arevalo posted to Facebook had included a communication that *might* be subject to the federal Wiretap Act (it didn't), the FAC fails to allege any facts suggesting that Meta "knew or had reason to know" that the footage included a communication that was intercepted in violation of the Act, as is required to state a claim. 18 U.S.C. §§ 2511(1)(c)–(d); *see also Noel v. Hall*, 568 F.3d 743, 751 (9th Cir. 2009) (explaining that Sections 2511(1)(c) and (d) prohibit intentionally disclosing or using communications while knowing or having reason to know that the information was obtained in violation of the Act). Plaintiff impliedly concedes as much in mischaracterizing the statutory standard: She alleges that the fact of Plaintiff's being recorded by a dashcam by itself gave Meta reason to know that the footage's recording was "*potentially unlawful*." FAC § V, Count XI ¶ 4 (emphasis added). But the Wiretap Act is implicated only when a defendant should have known that information *was* captured illegally—not that it *might* have been. Plaintiff's Wiretap Act claim fails for this independent reason.

Here, the FAC asserts that Meta "had reason to know" the video had been "potentially" unlawfully obtained because Meta's systems "are designed to flag content posted with certain hashtags (e.g., #dashcam) that *may* involve third parties recorded without consent." FAC § V, Count XI ¶ 4 (emphasis added). Even if Plaintiff's assertion regarding Meta's unnamed "systems"

META PLATFORMS, INC.'S MOTION TO DISMISS - Case No. 2:26-cv-00284-KKE

6

were accepted as true—the FAC offers no support for this allegation, which appears for the first time in the FAC—that would not suffice to plausibly allege that Meta had reason to know that this particular video *was* obtained without Plaintiff's consent, as the statute requires.

Plaintiff's "'naked assertion' devoid of 'further factual enhancement'" is precisely the type of allegation rejected by the Supreme Court. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). And Plaintiff's theory—that reason to know of *potential* illegality suffices to establish liability under the Wiretap Act—would convert every act of algorithmic content distribution into a federal Wiretap Act violation whenever a user posts a video with a common hashtag—a theory that finds no support in the Wiretap Act or the case law construing it. Alleged theories with an "obvious alternative explanation" do not satisfy the Supreme Court's plausibility requirement. *Twombly*, 550 U.S. at 567. That is exactly the case here, where Plaintiff alleges nothing showing how often dashcam footage is recorded without consent or any basis for Meta to have known that was the case here.

Puzzlingly, Plaintiff also points to the pre-trip message that Defendant Arevalo sent to her regarding the dashcam as support for her claim that Meta should have known the content was recorded illegally. FAC § V, Count XI ¶ 4. But she does not allege that Meta ever saw the message before she filed this action. Indeed, Plaintiff's concession that she in fact received notice of the camera—while quibbling over the adequacy of that notice—only confirms that Meta had no reason to know that any information in the video was captured in violation of the Wiretap Act.[4] Under Plaintiff's theory, Meta would be expected to know based on this message (which Meta could not have accessed) that Plaintiff, despite receiving and acknowledging notice of the dashcam, formed the subjective belief that it would not record interior-facing video or audio and, despite leaving it plugged in, did not consent to having it record her.

**B.    Because Section 230 bars any other relief against Meta, the Court should dismiss with prejudice.**

Plaintiff's original Complaint rightly "acknowledge[d] that federal law (47 U.S.C. § 230)

---

[4] Arevalo's invitation to disengage the camera if Plaintiff were "uncomfortable" also would have suggested to a reasonable person that the camera was interior-facing—there is no plausible reason to express discomfort with an exterior-only camera.

META PLATFORMS, INC.'S MOTION TO
DISMISS - Case No. 2:26-cv-00284-KKE

7

may limit Meta's liability for monetary damages for content posted by users." Compl. § III.E ¶ 3. The FAC, by contrast, tries to evade Section 230's immunity by pleading an implausible Wiretap Act violation to exploit Section 230's carveout for claims based on the Electronic Communications Privacy Act, of which the Wiretap Act is a part. *See* 47 U.S.C. § 230(e)(4). This gambit fails for the reasons discussed above. In any event, Section 230 would bar any other relief Plaintiff could seek on these facts. Thus, the Complaint should be dismissed with prejudice.

Section 230 provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." *Id.* § 230(c)(1). Section 230(e)(3) gives teeth to this intent by stating unequivocally that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." Section 230 is to be "construed broadly, 'to protect websites not merely from ultimate liability, but from having to fight costly and protracted legal battles.'" *Cross v. Facebook, Inc.*, 14 Cal. App. 5th 190, 206 (2017) (citation omitted). Crucially, Section 230 bars claims based on a service provider's decisions about "reviewing, editing, and deciding whether to publish or to withdraw from publication third-party content." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1102 (9th Cir. 2009).

Under Section 230(c)(1), a claim should be dismissed if (1) the defendant is a "provider … of an interactive computer service[;]" (2) the allegedly offending content was "provided by another information content provider[;]" and (3) the plaintiff's claims treat the defendant as the "publisher" of that content. 47 U.S.C. § 230(c)(1); *Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.*, 144 F. Supp. 3d 1088, 1093 (N.D. Cal. 2015), *aff'd*, 697 F. App'x 526 (9th Cir. 2017). Because Meta satisfies all three parts of this test, further amendment would be futile.

**1.     Meta is an interactive computer service provider**.

Section 230 defines an interactive computer service provider as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server." 47 U.S.C. § 230(f)(2). Courts have uniformly ruled that Meta meets that definition. *See, e.g.*, *Cross*, 14 Cal. App. 5th at 206; *Fed. Agency of News LLC v. Facebook, Inc.*, 432 F. Supp. 3d 1107, 1117 (N.D. Cal. 2020); *Ebeid v. Facebook, Inc.*, No. 18-CV-07030-

META PLATFORMS, INC.'S MOTION TO DISMISS - Case No. 2:26-cv-00284-KKE

8

PJH, 2019 WL 2059662, at *3 (N.D. Cal. May 9, 2019); *Sikhs for Justice*, 144 F. Supp. 3d at 1093.

**2.      The content at issue was provided by another information content provider**.

To satisfy this element, the information at issue must come from an "information content provider" that is not Meta. 47 U.S.C. § 230(c)(1). This inquiry is simple if, as here, the "complaint admits that [someone other than Meta] is the source of the information" while "nowhere alleg[ing] that [Meta] provided, created, or developed any portion" of the content. *Fed. Agency of News LLC v. Facebook, Inc.*, 395 F. Supp. 3d 1295, 1305–06 (N.D. Cal. 2019).

Here, Plaintiff alleges that Defendant Arevalo created and edited the dashcam footage that appeared on Facebook and Instagram. *See* FAC § IV.F ¶ 1. She does not allege that Meta provided or otherwise contributed to creating the dashcam footage. Section 230(c)(1)'s second requirement is thus met. *See, e.g.*, *Reaud v. Facebook Inc.*, No. 23-cv-06329-AMO, 2024 WL 4126066, at *4 (N.D. Cal. Sept. 9, 2024) (ruling that content was provided by another information content provider under Section 230 where the complaint did not "allege that Facebook created or developed" the offending content).

**3.      Any other requested relief would treat Meta as a publisher**.

Under Section 230, a plaintiff's claim treats a defendant as a "publisher" when it seeks to hold a service provider liable for its purported exercise of "editorial functions"—such as "deciding whether to publish, withdraw, postpone or alter content." *See Barnes*, 570 F.3d at 1102 (citation omitted). What matters here is not the "name of the cause of action," but "whether the duty that the plaintiff alleges the defendant violated derives from the defendant's status or conduct as a 'publisher or speaker.' If it does, section 230(c)(1) precludes liability." *See Barnes*, 570 F.3d at 1101–02.

Here, all of Plaintiff's concerns regarding Meta rest on her allegations that Meta failed to remove the dashcam footage and amplified the footage. FAC § V, Count XI ¶ 4; *see also id.* § IV.F. These are paradigmatic publishing functions that are protected under Section 230. Deciding whether to remove allegedly damaging content is a publishing function that "is perforce immune under Section 230." *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1170–71 (9th Cir. 2008) (holding that "any activity that can be boiled down to deciding

META PLATFORMS, INC.'S MOTION TO
DISMISS - Case No. 2:26-cv-00284-KKE

9

whether to exclude material that third parties seek to post online" is protected); *see also, e.g.*, *Reaud*, 2024 WL 4126066, at \*5 (ruling that Section 230 barred claims "seek[ing] to hold Facebook liable for its publishing decisions, including whether to … withdraw [third-party content] on its website"); *Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056, 1066 (N.D. Cal. 2016) (ruling that Section 230 barred claims premised on Facebook's decision not to remove third-party content). So too with content amplification, "including [through] algorithms," which is part of a service provider's role "as a publisher of others' content." *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1098 (9th Cir. 2019); *see also Force v. Facebook, Inc.*, 934 F.3d 53, 65–68 (2d Cir. 2019) (holding that using algorithms to promote content is protected by Section 230); *Prager Univ. v. Google LLC*, 85 Cal. App. 5th 1022, 1034 (2022) (same).

\*　　　\*　　　\*

Because Section 230 reaches any other claim for relief that Plaintiff could assert against Meta, granting Plaintiff leave to amend would be futile. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (explaining that dismissal with prejudice is warranted when amending complaint would be futile). Stripping away her groundless wiretapping claim for the reasons discussed here, Plaintiff's allegations against Meta all boil down to claiming that Meta failed to remove allegedly offending content and amplified that offending content—in other words, that Meta should be held liable for content someone else posted. Because those activities, even if true, are core publishing functions, Section 230 will preclude relief. *See Diep v. Apple, Inc.*, No. 22-16514, 2024 WL 1299995, at \*1 (9th Cir. Mar. 27, 2024) ("The district court correctly concluded that the immunity afforded by § 230 renders amendment futile for these five claims." (citation modified)); *Caraccioli*, 167 F. Supp. 3d at 1067 ("Because Plaintiff's claims against Facebook are barred as a matter of law by § 230(c), the court finds that allowing for their amendment would be futile.").

## V.   CONCLUSION

For these reasons, Meta asks the Court to dismiss the FAC with prejudice.

META PLATFORMS, INC.'S MOTION TO
DISMISS - Case No. 2:26-cv-00284-KKE

10

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

Dated: June 2, 2026

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:  *s/Aaron P. Brecher*
Aaron P. Brecher (WSBA No. 47212)
abrecher@orrick.com
401 Union Street, Suite 3300
Seattle, WA  98101-2668
Telephone:  +1 206 839 4300
Facsimile:  +1 206 839 4301

Michelle Visser (Admitted *Pro Hac Vice*)
mvisser@orrick.com
405 Howard Street
San Francisco, CA  94104
Telephone:  + 1 415 773 5700

*Attorneys for Defendant Meta Platforms, Inc.*

Counsel certifies that this memorandum contains 3,840 words, in compliance with the Local Civil Rules.

META PLATFORMS, INC.'S MOTION TO DISMISS - Case No. 2:26-cv-00284-KKE

11

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300