Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

G.P.,

Plaintiff,

v.

JOSE HERNANDEZ AREVALO, an
individual; MARICELA JIMENEZ, an
individual; TURO INC., a Delaware
corporation; META PLATFORMS INC., a
Delaware corporation; and REDDIT INC., a
Delaware corporation,

Defendants.

NO.  2:26-cv-00284-KKE

DEFENDANTS JOSE AREVALO'S AND
MARCIELA JIMENEZ'S MOTION TO
JOIN IN DEFENDANT TURO'S MOTION
TO STRIKE [DKT. 66]

NOTED ON MOTION CALENDAR:
June 25, 2026

Defendants Jose Arevalo and Maricela Jimenez, by and through undersigned counsel, hereby move to join in Defendant Turo's Motion to Strike [*Dkt. 66*].  In addition to the arguments raised by Turo in its motion, Defendants Arevalo and Jimenez present the following arguments and authorities:

First, as Turo explains, it appears that Plaintiff's attorney violated Cal. Pen. Code § 632(a) when he recorded confidential conversations with Turo's in-house counsel.  *See Smith v. LoanMe, Inc.*, 276 Cal.Rptr.3d 746, 483 P.3d 869 (Ca. 2021) (*discussing* Cal. Pen. Code § 637).  *See also Kearney v. Salomon Smith Barney, Inc.*, 39 Cal.App.4th 95, 117-18, 137 P.3d 914 (2006); *People v. Wyrick*, 77 Cal.App.3d 903 (Ca. 1973).  The California statute applies to all surreptitious

*DEFENDANTS' MOTION TO JOIN IN DKT. 66 – 1*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

recordings – including recordings of communications between two attorneys. *See, e.g., Nissan Motor Co. v. Nissan Computer Corp.*, 180 F.Supp.2d 1089, 1097 (C.D. Cal. 2002) ("This behavior raises suspicions, injures public confidence in the legal profession (and thereby the legal system), seriously impedes relations between counsel, and exerts a chilling effect on the normal flow of communication between opposing parties."). Like Washington, California is a "two-party" state, which means that recordings are not allowed unless ***all parties*** to the conversation consent to the recording. *See* Cal. Pen. Code § 632(a).

Second, Plaintiff's counsel is an attorney admitted to practice in the State of Washington. Based upon the current record, it appears that Plaintiff's counsel violated Washington law when engaging in this conduct. *See, e.g., State v. Smith*, 189 Wn.2d 655 (2017) (even an inadvertent recording of a private conversation falls within the purview of the privacy act). The attorney's conduct would also constitute a violation of Washington's Rules of Professional Conduct. By way of example, the Washington Supreme Court disciplined attorney Wade Dann for engaging in very similar conduct. *See In re Disciplinary Proceeding Against Dann*, 136 Wn.2d 67, 76 (1998) ("Dann committed additional violations of RPC 8.4(c) by secretly tape recording a telephone conversation with another attorney and, unbeknownst to that attorney, allowing a party interested in the topic of conversation to listen in.").[1] Here, counsel's conduct is particularly troubling given his previous representations to this Court. *See Dkt. 44* (arguing, based upon factual allegations that have since been abrogated by Plaintiff, that G.P. must be treated as a "crime victim").

---

[1] Notably, Plaintiff's counsel also is admitted to practice in the State of Colorado. This conduct may also lead to discipline under Colorado's ethical rules. *See People v. Wallin*, 621 P.2d 330 (1981) (holding that attorney who surreptitiously recorded conversation with witness was guilty of unethical conduct). *Accord People v. Selby*, 198 Colo. 386, 390, 606 P.2d 45 (1979) (noting that surreptitious recording suggests "trickery and deceit").

*DEFENDANTS' MOTION TO JOIN IN DKT. 66 – 2*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

With narrow exceptions, RCW 9.73.050 renders any information obtained in violation of RCW 9.73.030 inadmissible in court proceedings. *See, e.g., Larson Motors, Inc. v. Snypp*, 3 Wn.App.2d 127 (2018) (holding that transcripts and any reference to unlawful recorded conversations were inadmissible and "any reference to them were not admissible").[2] Here, at the least, all references to these unlawfully recorded communications (or the information allegedly obtained through these conversations) should be stricken from Plaintiff's First Amended Complaint.

I certify that this memorandum contains 550 words, in compliance with the Local Civil Rules

RESPECTFULLY SUBMITTED this 4th day of June, 2026.

*/s/ Todd Maybrown*
Todd Maybrown, WSBA NO. 18557
Attorney for Defendants Arevalo and Jimenez
Allen, Hansen, Maybrown & Offenbecher, P.S.
600 University Street, Suite 3020
Seattle, WA 98101
206-447-9681 – Phone
todd@ahmlawyers.com

---

[2] The *Larson* Court's decision was modified slightly on reconsideration. *See* 2018 Wash.App. LEXIS 1025 (May 1, 2018). However, this modification does not impact the Court's analysis in this case.

*DEFENDANTS' MOTION TO JOIN IN DKT. 66 – 3*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2026, I electronically filed the above document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

DATED at Federal Way, Washington this 4th day of June, 2026.

By: */s/ Sarah Conger*
Sarah Conger, Legal Assistant
Allen, Hansen, Maybrown & Offenbecher, P.S.
600 University Street, Suite 3020
Seattle, WA  98101
206-447-9681

*DEFENDANTS' MOTION TO JOIN IN DKT. 66 – 4*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

**Allen, Hansen, Maybrown**
**& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681