THE HONORABLE KYMBERLY K. EVANSON

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

G.P., an individual,
                    Plaintiff,
v.
JOSE HERNANDEZ AREVALO, an individual;
MARICELA JIMENEZ, an individual;
TURO, INC., a Delaware Corporation;
META PLATFORMS, INC., a Delaware
Corporation;
REDDIT, INC., a Delaware Corporation;
YOUTUBE, LLC, a Delaware Limited
Liability Company;
ATLANTA BLACK STAR, INC., a Georgia
Corporation;
INSIDE EDITION, INC., a New York
Corporation; and
JOHN DOES 1-10, individuals or entities
unknown,
                    Defendants.

Case No.: 2:26-cv-00284-KKE

**PLAINTIFF G.P.'S OPPOSITION TO
DEFENDANTS JOSE AREVALO'S AND
MARICELA JIMENEZ'S MOTION TO JOIN
IN TURO'S MOTION TO STRIKE (DKT.
76)**

Noted on Motion Calendar: June 25, 2026

## I. INTRODUCTION

Defendants Jose Arevalo and Maricela Jimenez ask this Court to allow them to "join" Turo's Motion to Strike and, in the process, accuse Plaintiff's counsel of committing crimes in three states and violating professional conduct rules. Dkt. 76 (Arevalo/Jimenez Motion to Join, filed June 4, 2026). They do so without submitting a single declaration, without any participant's testimony, and without having been present on the call at issue. Their four-page filing is long on accusation and devoid of evidence.

The Court should deny the joinder for three independent reasons: (1) the joinder lacks any competent evidence supporting its factual premise that the recording was made without

consent; (2) its legal analysis is wrong—it omits the operative consent-by-announcement mechanism of RCW 9.73.030(3) and fails to conduct any choice-of-law analysis; and (3) the joinder adds no independent basis for Rule 12(f) relief beyond what Turo has already briefed, Dkt. 66 (Turo Motion to Strike, filed June 2, 2026), and the challenged allegations concern statements by Turo's counsel about Turo's own policies in which Arevalo and Jimenez have no distinct interest.

## II. BACKGROUND

On March 9, 2026, Plaintiff's counsel participated in a call with Matthew Brown, Associate General Counsel of Turo, Inc. The call was conducted over Microsoft Teams. Rossi Decl. ¶ 2. The two participants were Mr. Brown and Plaintiff's counsel.

Microsoft Teams includes a built-in recording feature. When a participant activates recording, Teams automatically displays a conspicuous on-screen notification banner to all meeting participants stating that the meeting is being recorded and transcribed, and simultaneously posts a system-generated message in the meeting chat. Rossi Decl. ¶¶ 4–5; Ex. 2. This notification is visible, contemporaneous, and preserved in the meeting record.

Plaintiff's paralegal, Ylva Rahm, was invited to the Teams meeting. The Teams system log reflects that she was invited but does not reflect that she joined or participated in the call. The meeting recap confirms there were 2 speakers on the call. Rossi Decl. ¶ 3; Ex. 1. Defendants Arevalo and Jimenez were not parties to this call. Their counsel was not on the call. They have submitted no declaration from any person who participated in the call. They have no firsthand knowledge of what notifications appeared, what was announced, or whether consent was given.

## III. ARGUMENT

PLAINTIFF'S OPPOSITION TO MOTION TO JOIN MOTION TO STRIKE (DKT. 76)

ROSSI & CO., P.C.
616 33rd Ave NW
Gig Harbor, WA 98335
Telephone: (303) 222-0300

**A. Rule 12(f) Does Not Authorize the Relief Defendants Seek.**

As a threshold matter, Federal Rule of Civil Procedure 12(f) authorizes striking only "from a pleading" matter that is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). It is not a vehicle to adjudicate factual disputes, resolve evidentiary questions, or exclude evidence at the pleading stage. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–74 (9th Cir. 2010) (Rule 12(f) cannot be used to resolve disputed and substantial factual or legal issues); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (only pleadings subject to Rule 12(f); purpose is to avoid litigating spurious issues, not to obtain dismissal of claims). The Western District of Washington recently reaffirmed this principle. *Sant v. RocketReach LLC,* 790 F. Supp. 3d 1145 (W.D. Wash. 2025).

The paragraphs Defendants target—¶¶ III.D.2, IV.A.5, and IV.E.5 of the First Amended Complaint—describe communications bearing directly on the parties' claims and defenses. Whether those communications are admissible, what weight they deserve, and whether consent was obtained are merits questions for later stages, not Rule 12(f). The joinder should be denied on this threshold basis alone because it asks the Court to resolve disputed facts about notice and consent in order to excise core factual allegations from the complaint.

**B. The Joinder Lacks Any Competent Evidentiary Foundation.**

The joinder fails at the threshold because it offers no evidence to support its central premise—that the March 9, 2026 recording was made "surreptitiously" or without consent.

Under LCR 7(b)(2), factual contentions supporting a motion must be established by declaration or other competent evidence. The joinder submits none. Neither Arevalo, Jimenez, their counsel, Matt Brown, nor any other person with firsthand knowledge has provided a declaration stating that: (a) the Teams recording notification did not appear;

(b) Plaintiff's counsel did not announce the recording; (c) Brown did not consent; or (d) Brown objected to recording.

The existence of a recording does not prove it was made without consent. Recordings are made lawfully every day on platforms like Teams and Zoom—with consent obtained through the platform's automated notification mechanism. The joinder's bare inference that "a recording exists, therefore it must have been secret" is unsupported and insufficient to warrant judicial action.

Accusations of criminal conduct against a fellow attorney are among the most serious allegations counsel can make. See Washington RPC 8.2(a) (requiring a reasonable factual basis for statements impugning another lawyer's integrity). Making such accusations without any competent evidence does not meet the standard required by Fed. R. Civ. P. 11(b)(3) or the ethical obligations of the Washington Rules of Professional Conduct.

Evidentiary Objections. The Court should disregard any assertion in the joinder that (a) recounts what occurred on the March 9, 2026 call without a declaration from a participant (lack of personal knowledge, Fed. R. Evid. 602); (b) reports out-of-court statements allegedly made on the call for their truth (hearsay, Fed. R. Evid. 801–802); or (c) characterizes Plaintiff's counsel's conduct as "criminal" or unethical (legal conclusions). LCR 7(b)(2) requires motions to be supported by competent evidence; attorney argument cannot fill that gap.

**C. The Legal Analysis in the Joinder Is Incomplete and Wrong.**

1. Washington Law: The Joinder Omits RCW 9.73.030(3)'s Consent-by-Announcement Mechanism.

PLAINTIFF'S OPPOSITION TO MOTION TO JOIN MOTION TO STRIKE (DKT. 76)

ROSSI & CO., P.C.
616 33rd Ave NW
Gig Harbor, WA 98335
Telephone: (303) 222-0300

4

The joinder correctly states that Washington requires "all-party" consent to record a private communication. RCW 9.73.030(1). Dkt. 76 at 2. But it omits the critical statutory provision that defines how consent is obtained:

*"Where consent by all parties is needed pursuant to this chapter, consent shall be considered obtained whenever one party has announced to all other parties engaged in the communication or conversation, in any reasonably effective manner, that such communication or conversation is about to be recorded or transmitted: PROVIDED, That if the conversation is to be recorded that said announcement shall also be recorded."* RCW 9.73.030(3) (emphasis added).

The Washington Supreme Court has confirmed that "a communicating party will be deemed to have consented to having his or her communication recorded when the party knows that the messages will be recorded." *State v. Townsend*, 147 Wn.2d 666, 675, 57 P.3d 255 (2002); see also *State v. Modica*, 164 Wn.2d 83, 90–91, 207 P.3d 1235 (2008) (consent implied where parties were aware of recording).

Microsoft Teams' automated recording notification satisfies this statutory mechanism. First, the notification is "announced to all other parties"—it appears on every participant's screen simultaneously. Second, it is issued "in any reasonably effective manner"—a conspicuous, system-generated visual banner and chat message is at least as effective as a verbal announcement, and likely more so, since it is uniform, automatic, and cannot be missed. Third, the "announcement shall also be recorded"—the notification is preserved in the meeting's chat log and metadata. Rossi Decl. Ex. 2.

A participant who receives this notification and continues the conversation has consented within the meaning of RCW 9.73.030(3). The joinder's reliance on *State v. Smith*, 189 Wn.2d 655, 406 P.3d 1093 (2017), is misplaced. Smith addressed whether an

PLAINTIFF'S OPPOSITION TO MOTION TO JOIN MOTION TO STRIKE (DKT. 76)

ROSSI & CO., P.C.
616 33rd Ave NW
Gig Harbor, WA 98335
Telephone: (303) 222-0300

"inadvertent" recording falls within the Privacy Act—it did not address or alter the consent-by-announcement mechanism of subsection (3). *Larson Motors, Inc. v. Snypp*, 3 Wn. App. 2d 127, 133, 413 P.3d 1203 (2018), addresses the exclusionary remedy under RCW 9.73.050, which applies only when information is "obtained in violation of RCW 9.73.030." No such violation has been, or can be, established here.

2. California Choice of Law: No Analysis Offered.

The joinder asserts that Cal. Penal Code § 632 applies because Turo's counsel was in California, but offers no choice-of-law analysis. This Court, sitting in Washington, applies Washington's choice-of-law rules. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941). Washington uses the "most significant relationship" test of the Restatement (Second) of Conflict of Laws. *Johnson v. Spider Staging Corp.*, 87 Wn.2d 577, 580, 555 P.2d 997 (1976); *Rice v. Dow Chemical Co.,* 124 Wn.2d 205, 213, 875 P.2d 1213 (1994). That analysis considers the place of the conduct, the domicile of the parties, the place of injury, and the policies of competing jurisdictions. See Restatement (Second) of Conflict of Laws § 145 (1971). The joinder performs none of this analysis.

In any event, the choice-of-law question is moot if consent was obtained. California Penal Code § 632 prohibits recording a "confidential communication" without consent. If Brown received notice through Teams' automated notification and continued the conversation, he consented—satisfying both California and Washington law. The joinder's citation to *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 45 Cal. Rptr. 3d 730 (2006), does not alter this analysis; *Kearney* applied California's own governmental-interest choice-of-law framework, which this federal Court sitting in Washington is not bound to follow.

3. Professional Conduct: *In re Dann* Is Factually Inapposite.

The joinder's lead professional-conduct authority is *In re Disciplinary Proceeding Against Dann,* 136 Wn.2d 67, 960 P.2d 416 (1998). But *Dann* involved facts that are the opposite of those present here. In *Dann*, counsel secretly tape-recorded a telephone call and allowed an undisclosed third party to listen without the other attorney's knowledge. Id. at 76. Here: (1) the recording was initiated by Microsoft Teams' built-in feature, not a hidden device; (2) the system automatically displayed a conspicuous notification banner to all participants; and (3) the only participants were Plaintiff's counsel and Mr. Brown—there was no concealed third party. The structural distinction is dispositive: *Dann* turned on the absence of any notice or consent mechanism; this case turns on the presence of one.

**D.  Arevalo and Jimenez Have No Independent Interest in Turo's Motion.**

A party joining another's motion must demonstrate concrete prejudice from the specific material it seeks to strike and support its factual premises with competent evidence. Here, the challenged allegations—¶¶ III.D.2, IV.A.5, and IV.E.5 of the First Amended Complaint—concern statements by Turo's in-house counsel about Turo's policies and conduct. They do not attribute any statement to Arevalo or Jimenez, and they do not depend on any communication with Arevalo or Jimenez. Turo has its own capable counsel who have filed their own substantive motion addressing these allegations. Dkt. 66.

Defendants Arevalo and Jimenez were not invited to and did not attend the March 9, 2026 call. Their counsel was not present. Rossi Decl. ¶ 7. The joinder therefore supplies no evidentiary foundation and no independent basis for Rule 12(f) relief. It identifies no prejudice unique to these defendants.

Notably, the Stipulation entered at Dkt. 57 expressly preserved Defendants' right to assert all Rule 12 defenses other than timeliness. But preservation of the right to assert a defense is not the same as having a cognizable independent interest in another defendant's motion

targeting a different defendant's statements. Arevalo and Jimenez add nothing to the record except accusations against opposing counsel made without any evidentiary foundation.

**E.  Reservation of Rights Regarding Evidentiary and Certification Standards.**

Defendants' joinder advances serious accusations of criminal and professional misconduct without any competent evidentiary support, contrary to LCR 7(b)(2) and the obligation to have a reasonable factual basis before impugning a lawyer's integrity under Washington RPC 8.2(a). Contemporaneous Teams records reflect that the recording notice was displayed to all participants and that only two speakers—counsel for the parties—participated in the call. Rossi Decl. ¶¶ 3–6; Exs. 1–2.

Without seeking sanctions at this time, Plaintiff respectfully notes that continued insistence on demonstrably inaccurate assertions may implicate the certification obligations of Fed. R. Civ. P. 11(b)(3), 28 U.S.C. § 1927, and the Court's inherent authority. Plaintiff raises this solely to preserve these issues and requests that the Court deny the joinder on the present record.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court DENY Defendants Jose Arevalo's and Maricela Jimenez's Motion to Join in Defendant Turo Inc.'s Motion to Strike (Dkt. 76). In the alternative, if the Court considers the joinder on the merits, Plaintiff requests that the Court disregard the unsupported accusations of professional misconduct and resolve Turo's Motion to Strike solely on the arguments and evidence properly presented by Turo.

PLAINTIFF'S OPPOSITION TO MOTION TO JOIN MOTION TO STRIKE (DKT. 76)

ROSSI & CO., P.C.
616 33rd Ave NW
Gig Harbor, WA 98335
Telephone: (303) 222-0300

DATED this 5th day of June, 2026.


By: /s/ Ronald G. Rossi

Ronald G. Rossi, WSBA No. 54720

**ROSSI & CO., P.C.**

616 33rd Ave NW

Gig Harbor, Washington 98335

Telephone: (303) 222-0300

rgr@vihc.com

Attorney for Plaintiff G.P.


**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of June, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Ronald G. Rossi
Ronald G. Rossi


**WORD COUNT CERTIFICATION**

Pursuant to LCR 7(e), I certify that this memorandum contains 2,050 words, exclusive of the caption, signature block, and certifications, in compliance with the applicable word limit.

PLAINTIFF'S OPPOSITION TO MOTION TO JOIN MOTION TO STRIKE (DKT. 76)

**ROSSI & CO., P.C.**
616 33rd Ave NW
Gig Harbor, WA 98335
Telephone: (303) 222-0300