Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

G.P.,

                Plaintiff,

       v.

JOSE HERNANDEZ AREVALO, an
individual; MARICELA JIMENEZ, an
individual; TURO INC., a Delaware
corporation; META PLATFORMS INC., a
Delaware corporation; and REDDIT INC., a
Delaware corporation,

                Defendants.

NO.  2:26-cv-00284-KKE

DEFENDANT JOSE AREVALO'S
MOTION TO DISMISS AND, IF
NECESSARY, FOR ALTERNATIVE
RELIEF

NOTE ON MOTION CALENDAR:
July 7, 2026

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ 3

I.      INTRODUCTION ................................................................................................... 6

II.     FACTUAL BACKGROUND ................................................................................. 6

     A.     Plaintiff's Allegations ................................................................................ 6

III.    LEGAL BACKGROUND ....................................................................................... 9

IV.   PLAINTIFF'S ALLEGATIONS IN SUPPORT OF SUBJECT MATTER
      JURISDICTION ARE UNTENABLE .................................................................. 10

*DEFENDANT AREVALO'S MOTION TO DISMISS – 1*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

**Allen, Hansen, Maybrown
& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

A.    Federal Jurisdiction .................................................................................. 10

B.    Plaintiff's Allegations Affirmatively Demonstrate there is No Diversity
      Jurisdiction ............................................................................................... 11

C.    When Assessing Plaintiff's Substantive Claims, the Court Should Consider the
      Dashcam Recording at Issue.  Moreover, the Court Should Strike Other
      Immaterial Allegations. ............................................................................ 12

D.    Plaintiff's Federal Claim is Not Cognizable ....................................... 14

E.    The Case Should Be Dismissed in its Entirety ................................... 16

V.    IN THE ALTERNATIVE, THE COURT SHOULD COMPEL ARBITRATION ..... 18

VI.   CONCLUSION ....................................................................................... 19

DEFENDANT AREVALO'S MOTION TO DISMISS – 2
(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)

**Allen, Hansen, Maybrown**
**& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

**TABLE OF AUTHORITIES**

**CASES**

*Aledlah v. S-L Distrib. Co., LLC*
  No. 20-CV-00234-JSC, 2020 U.S. Dist. LEXIS 97489, 2020 WL 2927980 (N.D. Cal.
  June 3, 2020) ............................................................................................................... 10

*Arbaugh v. Y&H Corp.*,
  546 U.S. 500 (2006) ..................................................................................................... 11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................. 9, 13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................................................................... 9

*Carnegie-Mellon Univ. v. Cohill*,
  484 U.S. 343 (1988) ..................................................................................................... 17

*Caterpillar v. Lewis*,
  519 U.S. 61 (1996) ....................................................................................................... 11

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
  207 F.3d 1126 (9th Cir. 2000) ..................................................................................... 19

*City of Chi. v. Int'l Coll. of Surgeons*
  City of Chi. v. Int'l Coll. of Surgeons, 522 U.S. 156 (1997) ....................................... 16

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*
  545 U.S. 546 (2005) ..................................................................................................... 11

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524 (9th Cir. 1993) ..................................................................................... 14

*Gibson v. City of Portland*,
  165 F.4th 1265 (9th Cir. 2026) ........................................................................ 6, 7, 8, 9

*Godecke v. Kinetic Concepts, Inc.*
  937 F.3d 1201 (9th Cir. 2019) ....................................................................................... 9

*Grancare, LLC v. Thrower by & through Mills*,
  889 F.3d 543 (9th Cir. 2018) ....................................................................................... 11

*Hanson v. MGM Resorts Int'l, No. C16-1661-RAJ*,
  2017 U.S. Dist. LEXIS 113690, 2017 WL 3085694 (W.D. Wash. July 20, 2017) ............. 10

*DEFENDANT AREVALO'S MOTION TO DISMISS – 3*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

**Allen, Hansen, Maybrown**
**& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

*In re Digimarc Corp. Derivative Litig.*,
  549 F.3d 1223 (9th Cir. 2008) ................................................................ 11

*In re Yahoo Mail Litig.*,
  7 F.Supp.3d 1016 (N.D. Cal. 2014) ........................................................ 15

*Jones v. Royal Admin. Servs., Inc.*,
  887 F.3d 443 (9th Cir. 2018) ................................................................ 19

*Konop v. Hawaiian Airlines, Inc.*,
  302 F.3d 868 (9th Cir. 2002) ................................................................ 15

*Garst v. Lockheed – Martin Corp.*,
  328 F.3d 374 (7th Cir. 2003) ................................................................ 14

*McCauley v. Ford Motor Co.*,
  264 F.3d 952 (9th Cir. 2001) ................................................................ 11

*McMurray v. United States*,
  551 Fed.Appx. 651 (4th Cir. 2014) ........................................................ 13

*Newman-Green, Inc. v. Alfonzo-Larrain*,
  490 U.S. 826(1989) ............................................................................ 12

*Oatway v. Experian Info. Sols., Inc.*,
  No. 2:24-CV-00523-LK, 2024 WL 4879822 (W.D. Wash. Nov. 25, 2024) ........................ 19

*Owen Equip. & Erection Co. v. Kroger*,
  437 U.S. 365 (1978) ............................................................................ 10

*Pyankovska v. Abid*,
  65 F.4th 1067 (9th Cir. 2023) ................................................................ 15

*Se Gonzalez v. Thaler*,
  565 U.S. 134 (2012) ............................................................................ 10

*Stillwell v. City of Los Angeles*,
  2024 U.S. Dist. LEXIS 35423 (C.D. Cal. Feb. 12, 2024) ........................................ 14

*Stock West, Inc. v. Confederated Tribes of the Colville Reservation*
  Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221
  (9th Cir. 1989) ............................................................................ 10

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*
  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007) ........................ 9

*United Mine Workers of Am. V. Gibbs*,
  383 U.S. 715 (1966) ............................................................................ 17

**Allen, Hansen, Maybrown**
**& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

*United States v. Johnsen,*
  --- F.4th ---, 2026 U.S. App. LEXIS 14893 (9th Cir., May 26) ........................................... 16

*United States v. Knotts,*
  460 U.S 276 (1983) ................................................................................................................ 13

*United States v. Ortiz-Lopez,*
  651 F.Supp.3d 855 (W.D.Tex. 2023) .................................................................................... 15

## Statutes

18 U.S.C. § 2511 ....................................................................................................... 6, 14, 15

28 U.S.C § 1467 ................................................................................................................. 19

28 U.S.C. § 1332 ........................................................................................................... 6, 11

28 U.S.C. § 1367 ......................................................................................................... 18, 19

28 U.S.C. § 1467 ............................................................................................................... 16

9 U.S.C. § 1 ........................................................................................................................ 6

RCW 46.61.500 ................................................................................................................. 13

RCW 46.61.672 ................................................................................................................. 13

RCW 46.61.673 ................................................................................................................. 13

RCW 9A.36.050 ................................................................................................................ 13

## Rules

Federal Rule of Civil Procedure 12 ................................................................................. 9, 16

Rule 12 ....................................................................................................................... 9, 10, 14

*DEFENDANT AREVALO'S MOTION TO DISMISS – 5*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

**Allen, Hansen, Maybrown**
**& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

## I.    INTRODUCTION

This lawsuit is based upon the publication of a dashcam recording that captured Plaintiff violating Washington law as she was texting while driving and then crashing Defendant Jose Arevalo's car.  *See Dkt. 59* ("Plaintiff's First Amendment Complaint for Damages and Injunctive Relief") ("FAC").  Hoping to secure federal jurisdiction, Plaintiff presents two foundational allegations.  *See Id. at ¶ II.A.*  First, Plaintiff alleges there is complete diversity of citizenship under 28 U.S.C. § 1332.  *See Id.*  Second, Plaintiff has included a claim under the Federal Wiretap Act (18 U.S.C. § 2511).  However, as demonstrated below, both jurisdictional theories are untenable.

For this reason, the Court must dismiss this action as it lacks subject-matter jurisdiction.  Further, the Court should decline to exercise its supplemental jurisdiction over any remaining state law claims.

However, should the Court decline to dismiss the lawsuit at this juncture, Defendant Jose Arevalo moves this Court to compel arbitration of Plaintiff's claims pursuant to 9 U.S.C. § 1, *et seq.* and to stay all further proceedings in this Court.  Arevalo's alternative request is supported by this pleading in conjunction with Defendant Turo Inc.'s Second Motion to Compel Arbitration and Stay Action and all related pleadings.  *See Dkt. 65.  See also Dkt. 28 and 29.*

## II.    FACTUAL BACKGROUND

### A.  Plaintiff's Allegations

Plaintiff alleges that, in August 2025, she rented a Nissan Leaf through the online platform Turo.  *See Doc. 1 at ¶ IV.A.1.*[1]  According to the FAC, Defendant Jose Aravalo, the "host" for

---

[1] The FAC, although less unwieldy than the original Complaint [*Dkt. 1*], includes hundreds of paragraphs, subparagraphs, and sub-subparagraphs.  And Plaintiff has presented a classic "shotgun pleading" – as the FAC indiscriminately incorporates assertions from one count to another.  *See generally Gibson v. City of Portland*, 165

*DEFENDANT AREVALO'S MOTION TO DISMISS – 6*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

**Allen, Hansen, Maybrown**
**& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

this rental, had the car fitted with an interior-facing dashcam[2] that recorded video and audio of the driver — allegedly without Plaintiff's consent. *See Id. at ¶¶ IV.A.2–5.* In presenting this allegation, Plaintiff acknowledges that Arevalo provided written notification of the dashcam recording device to Plaintiff before she accepted the rental. *See Id. at ¶ IV.A.2.* Plaintiff also admits that she was invited to disable (or "unplug") the dashcam if she preferred. *See Id. at ¶ IV.A.3.* Nevertheless, Plaintiff accepted the rental and chose to drive the car while the dashcam recording device was enabled.[3]

According to Plaintiff's narrative:

> On the afternoon of August 25, 2025, Ms. G.P. was driving the Nissan Leaf in a rural area near Arlington, Snohomish County, Washington. She was unfamiliar with the vehicle and was rushing to return it by the agreed-upon time. While driving, she experienced a period of distraction. During that period of distraction — which the dashcam footage reflects lasted approximately twenty (20) seconds — Ms. G.P. looked down at her phone. Her attention lapsed from the road.

*Id. at ¶ IV.B.1.* Then, Plaintiff drove Arevalo's car off the roadway into a ditch, striking a mailbox and totaling the vehicle. *See Id. at ¶ IV.B.2.* The FAC alleges that, due to what is described as "acute psychological shock and trauma," *Id. at ¶ IV.B.3*, Plaintiff somehow formed the delusional belief she had been forced off the road by a non-existent car and that this delusion led Plaintiff to tell police officers and Arevalo that she was not responsible for the crash. *See Id. at ¶ IV.B.3-4; Id. at ¶¶ IV.C.1–2.* Plaintiff continued to make these false claims –blaming

---

F.4th 1265, 1288-89 (9th Cir. 2026) (emphasizing that "district courts do not have to accept such shotgun pleadings").

[2] A dashcam is a digital recorder that sits on the dashboard or windshield of a vehicle, capturing what happens while driving. These devices, which can record what happens inside and/or outside the vehicle, often provide crucial video evidence for insurance claims and police reports in accidents, theft, or vandalism, with many models offering loop recording and parking surveillance.

[3] Based upon these admissions alone, it should be apparent Plaintiff consented to use of the dashcam recording device when she operated Arevalo's car. But the Court need not address that issue as the scope of Plaintiff's consent is not determinative in light of Arevalo's motion to dismiss.

*DEFENDANT AREVALO'S MOTION TO DISMISS – 7*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

**Allen, Hansen, Maybrown**
**& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

the accident on a phantom driver – even after Arevalo reminded Plaintiff that the dashcam recorder had probably documented the entire incident.  *See Id. at IV.C.4.*  Yet, initially, Arevalo took Plaintiff at her word.

In the days following the accident, Arevalo retrieved his car and accessed the memory card from the dashcam recording device.  *See Id. at ¶ IV.D.1.*  Arevalo then discovered that Plaintiff had been lying about her conduct and the cause of the accident.  As Plaintiff now concedes:

> The footage clearly showed what had actually occurred:  Ms. G.P. had been looking at her phone in the moments before the crash; no other vehicle was visible; her distraction alone caused her to lose control; the accident was a single-vehicle incident of her own making.

*Id. at ¶ IV.B.*2.[4]

Arevalo responded by uploading the video recording to Facebook under his personal profile, as a public post.  *See ¶¶ Id. at IV.D. 3–4.*  Plaintiff alleges she was injured when the video or her conduct spread online.  *See Id. at ¶ I.5; Id. at ¶ IV.F-J.*  Plaintiff also claims to have suffered damages from the publication of the dashcam footage.  *See Id. at ¶ IV.K.*

Plaintiff alleges violations of state and federal statutes and related state tort claims against several Defendants.  As to Arevalo, Plaintiff claims he violated the Federal Wiretap Act and that he committed various state law torts.  *See Id. at § V, Counts I–VII.*   As to Arevalo's mother,

---

[4] Notably, Plaintiff did not make these same admissions before filing the FAC.  In her initial Complaint, Plaintiff presented a series of false and misleading allegations.  For example, Plaintiff alleged the crash occurred following a "moment of distraction and panic" when Plaintiff made a "split-second decision" to "glance" at her phone.  *See Dkt. 1 at ¶ IV.B.1.*   The irrefutable video evidence shows otherwise.   *See, https://www.youtube.com/shorts/kInI8dePsuY*.  Plaintiff did not act out of panic; and she did not merely "glance" towards her phone for a "split-second."   Rather, Plaintiff made a conscious decision to text while she was driving the car at a high rate of speed on a busy roadway – with Plaintiff's eyes facing downward and with both hands typing messages on her phone – for more than 20 seconds.   Then, after driving the car off the public roadway and crashing into a ditch, Plaintiff falsely claimed she had been forced off the road by a phantom driver.    It was Plaintiff's conduct and lies – and her concerted effort to hide the truth – that led to her undoing.  And Plaintiff continued to perpetuate these lies when she filed her initial Complaint.

*DEFENDANT AREVALO'S MOTION TO DISMISS – 8*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

**Allen, Hansen, Maybrown**
**& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

Plaintiff claims (with little explanation) that she committed state law torts and that she is somehow legally accountable under a theory of vicarious liability. *See Id. at Counts VII and IX.*

### III.    LEGAL BACKGROUND

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Motions to dismiss under Fed. R. Civ. P. 12(b)(6) may be based on "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (citation omitted). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (citation omitted). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

When resolving a motion to dismiss, a Court typically cannot consider evidence beyond the four corners of the complaint. "A court may, however, consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for

*DEFENDANT AREVALO'S MOTION TO DISMISS – 9*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

Allen, Hansen, Maybrown
& Offenbecher, P.S.
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

summary judgment." *Hanson v. MGM Resorts Int'l*, No. C16-1661-RAJ, 2017 U.S. Dist. LEXIS 113690, 2017 WL 3085694, at *2 (W.D. Wash. July 20, 2017) (*quoting United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).  Under the incorporation-by-reference doctrine, "[a] court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Aledlah v. S-L Distrib. Co., LLC*, No. 20-CV-00234-JSC, 2020 U.S. Dist. LEXIS 97489, 2020 WL 2927980, at *3 (N.D. Cal. June 3, 2020) (*quoting Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).  As discussed below, the Court should consider the dashcam footage as it is central to the claims in the FAC.

## IV.   PLAINTIFF'S ALLEGATIONS IN SUPPORT OF SUBJECT MATTER JURISDICTION ARE UNTENABLE

### A.  Federal Jurisdiction

Federal courts are courts of limited jurisdiction.  *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). "Subject matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Se Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Rule 12(b)(1) allows a defendant to seek dismissal of a claim or action for a lack of subject matter jurisdiction.  Although the defendant is the moving party in a motion to dismiss, the plaintiff is the party invoking the court's jurisdiction.  As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *See, e.g., McCauley v. Ford Motor*

**Allen, Hansen, Maybrown
& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

*Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Generally, there are two potential bases for federal subject matter jurisdiction: (1) diversity jurisdiction or (2) federal question jurisdiction.  Plaintiff has attempted to invoke both bases in this case; but neither theory is factually or legally tenable.

### B. Plaintiff's Allegations Affirmatively Demonstrate there is No Diversity Jurisdiction

28 U.S.C. § 1332(a)(1) requires complete diversity – i.e., that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar v. Lewis*, 519 U.S. 61, 67-68 (1996).   As the Supreme Court has repeatedly explained: "[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).  *See also Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018); *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008).

In the FAC, Plaintiff alleges that "complete diversity exists."  *See Dkt. at ¶ II.A.1.*  This claim is obviously false given Plaintiff's own allegations.  Plaintiff acknowledges she is a Washington citizen. *See id*.  Plaintiff further acknowledges that both individual defendants – Jose Arevalo and his mother (Maricela Jimenez) – are Washington citizens. *See Id. at ¶¶ II.B.1-2.*  Thus, there is not complete diversity within the meaning of 28 U.S.C. § 1332. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006).

As the Supreme Court explained more than three decades ago: "When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the

**Allen, Hansen, Maybrown**
**& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

diversity statute for **each** defendant or face dismissal." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829(1989).  Here, there is no basis for Plaintiff to invoke this Court's diversity jurisdiction.

### C.  When Assessing Plaintiff's Substantive Claims, the Court Should Consider the Dashcam Recording at Issue.  Moreover, the Court Should Strike Other Immaterial Allegations.

In the FAC, Plaintiff's alleges her reputation was harmed when Arevalo posted a video recording that documented "her private in-vehicle conduct" just prior to the crash.  *See Dkt. 59 at ¶ I.2.*  All of Plaintiff's claims are based upon that singular recording and nothing else – and Plaintiff discusses that recording throughout the FAC.   In fact, as Plaintiff now confirms the dashcam recording is accurate and reliable: "[t]he footage clearly showed what had actually occurred." *Dkt. 59 at ¶ IV.B.2.*

Given these allegations – and Plaintiff's clear acknowledgements – this Court should consider the dashcam recording as it has been incorporated by reference in the FAC.  It is this single recording – and no other evidence relating to Plaintiff's supposed "private in-car conduct" – that forms the basis of Plaintiff's claims in the litigation.  In fact, the recording is the cornerstone of the entire case.  A true and correct copy of this recording can be found at https://www.youtube.com/watch?v=_w8Fll6a0hM.                     *See                also* https://www.youtube.com/shorts/kInI8dePsuY (noting that "the dashcam told the real story").[5]

Notably, the dashcam recording at issue does not include any of Plaintiff's private activity.  Rather, the recording documents the following:  (1) Plaintiff's conduct while driving Arevalo's car on a public roadway – including Plaintiff's decision to text with both hands off

---

[5] The recording includes synchronized video from inside and outside of Arevalo's car during the moments leading up to the crash as well as the crash itself.

*DEFENDANT AREVALO'S MOTION TO DISMISS – 12*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

**Allen, Hansen, Maybrown**
**& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

the wheel with her eyes staring down at her phone – while driving at a high rate of speed;[6] and (2) Plaintiff's utterances once Plaintiff realized she had crashed Arevalo's car due to her unlawful conduct. The recording does not include any two-party conversations or any of Plaintiff's communications with a third party.

A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Nevertheless, in an attempt to recast this case as something it is not, Plaintiff has asserted generic allegations to the effect that the dashcam could have recorded "private in-cabin communications." *See Dkt. 59 at ¶¶ IV.E.1, IV.I.2.* Along these same lines, Plaintiff alleges that the dashcam may have recorded phone conversations – or at least Plaintiff's side of phone conversations – with unknown third parties. *See Id. at ¶¶ IV.E.2, IV.I.2; Id. at Count 1 at ¶ 3.* Not only are these allegations unfounded, but they are in no way relevant to the claims in this lawsuit. These unidentified "communications" and "conversations" – assuming they may have occurred – were never disclosed or publicized.

Rule 12(f) permits a court to strike "immaterial" matters from a pleading. *See, e.g., Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (immaterial matter is "that which has no essential or important relations to the claim for relief"). "Often, it is true, 'surplusage can and should be ignored,' but 'length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter.'" *Stillwell v. City of Los*

---

[6] This type of reckless activity cannot fairly be described as "private" conduct; it is a matter of grave public concern. *See generally United States v. Knotts*, 460 U.S 276 (1983) (no expectation of privacy extended to the visual observation of automobile visible to the public). And, as the Fourth Circuit has explained: "Careless driving exposes the public, not merely the driver . . ., to great danger." *McMurray v. United States*, 551 Fed.Appx. 651, 655 (4th Cir. 2014). In fact, the dashcam recording demonstrates that Plaintiff committed a litany of criminal offenses in the lead up to the crash. *See* RCW 46.61.672 (unlawful use of an electronic device); RCW 46.61.673 (dangerously distracted driving); RCW 46.61.500 (reckless driving); RCW 9A.36.050 (reckless endangerment). Plaintiff had no reasonable expectation of privacy as she was texting while driving.

*DEFENDANT AREVALO'S MOTION TO DISMISS – 13*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

**Allen, Hansen, Maybrown**
**& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

*Angeles*, 2024 U.S. Dist. LEXIS 35423, *9 (C.D. Cal. Feb. 12, 2024) (*citations omitted*). *See also Garst v. Lockheed – Martin Corp*., 328 F.3d 374, 378 (7th Cir. 2003) ("Some complaints are windy but understandable.  Surplusage can and should be ignored.").

This lawsuit is based upon the publication of a single video recording.  The Court should strike (or ignore) Plaintiff's claims regarding her supposed "oral communications" or "phone conversations" with unknown third parties.  The dashcam recording at issue does not include any such communications or conversations.  Accordingly, Plaintiff's generic allegations should be treated as nothing more than immaterial surplusage.

**D.  Plaintiff's Federal Claim is Not Cognizable**

Plaintiff would hope to secure federal subject matter jurisdiction by alleging a violation of the Federal Wiretap Act (18 U.S.C. § 2511).  In support of this claim, Plaintiff broadly alleges: "Under 18 U.S.C. § 2511, the Federal Wiretap Act makes it unlawful for any person to intentionally intercept any oral communication by means of any electronic device without the consent of all parties." *Doc. 59 at ¶ IV.E.2*.  Plaintiff's claim reflects a basic misunderstanding of federal law.

First, the Federal Wiretap Act is a one-party consent statute. 18 U.S.C. § 2511(2)(d). *See generally In re Yahoo Mail Litig.*, 7 F.Supp.3d 1016, 1026 (N.D. Cal. 2014) ("[T]he consent of one party is a complete defense to a Wiretap Act claim."); *Pyankovska v. Abid*, 65 F.4th 1067, 1074-75 (9th Cir. 2023) (the Act does not apply "when at least one party to the communication has given prior consent . . ."). Plaintiff's claim that the Act is violated unless there is "consent of all parties" is contrary to law.  As such, it is immaterial whether Plaintiff would now hope to claim she did not consent to use the dashcam recorder when she decided not to unplug the device after she was invited to do so by Arevalo.  *See Dkt. 59 at ¶ IV.A.2-3*.

*DEFENDANT AREVALO'S MOTION TO DISMISS – 14*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

Second, along these same lines, Plaintiff does not allege – and Plaintiff cannot allege – that she engaged in a two-party "communication" that would fall within the ambit of the statute. The dashcam recording itself demonstrates that Plaintiff was not engaging in an oral communication with another party at the time of the crash.

Third, the dashcam recording was not "intercepted" within the meaning of the Federal Wiretap Act.  As one recent court explained:

> A "wire communication is only 'intercepted' within the meaning of the [Act] when someone records what was transmitted over the wire." *Reynolds v. City & County of San Francisco*, No. 09-00301, 2009 U.S. Dist. LEXIS 101094, 2009 WL 3569288, at *4 (N.D. Cal. Oct. 30, 2009) (cleaned up).  A person who records only "one side of a telephone conversation . . . has not intercepted a wire communication merely because the person was speaking into a telephone at the time of the interception." *Id.* (cleaned up).

*United States v. Ortiz-Lopez*, 651 F.Supp.3d 855, 862 (W.D.Tex. 2023).  Here, the dashcam camera recording documented Plaintiff's conduct as she is unlawfully driving while texting. It did not capture a "wire communication" or anything that was transmitted "over the wire."

Along these same lines, the Ninth Circuit has explained that a narrow definition of "intercept" applies to electronic communications.  *See, e.g., Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002).[7]  For a communication "to be 'intercepted' in violation of the Wiretap Act, it must be acquired during transmission, not while it is in electronic storage." *United States v. Johnsen*, -- F.4th ---, 2026 U.S. App. LEXIS 14893 (9th Cir., May 26, 2026) (*quoting Konop,* 302 F.3d at 878).  Here, Plaintiff cannot plausibly allege that Arevalo's actions met this standard as it is undisputed Arevalo obtained the recording from electronic storage

---

[7] Notably, the Ninth Circuit explained that when Congress amended the Federal Wiretap Act, it "was aware of the narrow definition courts had give the term intercept with respect to electronic communications" and that, as a result, Congress "accepted and implicitly approved the judicial definition of intercept as acquisition contemporaneous with transmission." *Id*

*DEFENDANT AREVALO'S MOTION TO DISMISS – 15*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

**Allen, Hansen, Maybrown**
**& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

several days **_after_** the crash.  *See Doc. 59 at § III.B.1* (conceding that Arevalo reviewed the dashcam footage **_after_** Plaintiff crashed the car); *Id. at § IV.D.1* ("Over the days following the accident, Defendant Arevalo retrieved the damaged vehicle from impound or otherwise accessed the memory card or storage device from the dashcam.").

Here, even accepting Plaintiff's version of the facts as true, there can be no plausible claim that Arevalo violated the Federal Wiretap Act.  The video recording irrefutably demonstrates that Arevalo did not intercept a wire communication.

### E.  The Case Should Be Dismissed in its Entirety

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Nevertheless, in some circumstances, the district court may maintain subject matter jurisdiction over state law claims under the supplemental jurisdiction statute after dismissing federal claims.  *See* 28 U.S.C. § 1467(c).

The Supreme Court has recognized supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right, and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons."  *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997) (internal quotation marks and citations omitted).  In *United Mine Workers of Am. V. Gibbs*, 383 U.S. 715 (1966), for example, the Court emphasized that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.  *See id.* at 726.  More recently, the Supreme Court stated:

> [A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims.  When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law

*DEFENDANT AREVALO'S MOTION TO DISMISS – 16*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.

*Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988).

The supplemental jurisdiction statute codifies these principles. After establishing that supplemental jurisdiction encompasses "other claims" in the same case or controversy as a claim within the district courts' original jurisdiction, the statute confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>
> > (1) the claim raises a novel or complex issue of State law,
> >
> > (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> >
> > (3) the district court has dismissed all claims over which it has original jurisdiction, or
> >
> > (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Here, all factors weigh against the exercise of supplemental jurisdiction. When filing the FAC, Plaintiff has raised eight separate state law claims. And Plaintiff seemingly acknowledges that many of these state claims are novel and/or legally complex. This Court should decline to hear or consider these state law claims in the interest of comity.

*DEFENDANT AREVALO'S MOTION TO DISMISS – 17*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

**Allen, Hansen, Maybrown & Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

## V.    IN THE ALTERNATIVE, THE COURT SHOULD COMPEL ARBITRATION

Before renting Arevalo's car, Plaintiff accepted Turo's terms of service.  Turo's terms contain a mandatory arbitration provision covering claims between or among any Turo Guest, Turo Host, and Turo. *See Dkt. 29-1 and 29-2.*  Specifically, Turo's terms provided as follows:

> **Agreement to Arbitrate.** The Parties each agree that any and all disputes, claims, or controversies that have arisen or may arise at any  time  between you and Turo (including its respective subsidiaries, employees, officers, directors, agents, third-party insurance  brokers  or  products,  and third-party  claims administrators) and/or any other Turo user will be resolved by binding arbitration according to the procedure set forth below. For the purpose of this Agreement to Arbitrate, "disputes," "claims," and "controversies" shall have the broadest possible meaning that will be enforced and includes, any and all disputes and/or claims that arise out of or in any way relate to your relationship with Turo, including but not limited to: (1) your use of the Services; (2) the Agreement, these Terms and/or this Agreement to Arbitrate, including the interpretation, validity, enforceability, or scope of this Agreement to Arbitrate, or (3) your use of, or access to the Services, and anything sold, offered, or purchased through the Services (such as booking, listing, or sharing a vehicle). Through this Agreement to Arbitrate, and subject to the below exceptions, the Parties intend to arbitrate all disputes or claims regardless of whether they are based in contract, statute, regulation, ordinance, tort (including, but not limited to, fraud, misrepresentation, fraudulent inducement, or negligence), or any other legal or equitable theory and regardless of whether they arose or accrued before the Parties entered into this Agreement to Arbitrate. For avoidance of doubt, the Parties expressly agree that this Agreement to Arbitrate encompasses all disputes or claims pertaining to the validity, enforceability, or scope of this Agreement to Arbitrate and any such dispute or claims will be referred to binding arbitration and will be resolved by the arbitrator and not a court.

*Dkt. 29-2 at pp. 22–23.*

The agreement to arbitrate, by its clear terms, would apply to Plaintiff (the Turo Guest) and Arevalo (the Turo Host) and it covers "all disputes or claims regardless of whether they are based in contract, statute, regulation, ordinance, tort (including, but not limited to, fraud, misrepresentation, fraudulent inducement, or negligence), or any other legal or equitable theory . . ." *Id.*  In addition, the agreement specifically applies to Turo and its "agents." *Id.*  In the

*DEFENDANT AREVALO'S MOTION TO DISMISS – 18*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

**Allen, Hansen, Maybrown**
**& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

FAC, Plaintiff has described Arevalo as an agent of Turo and goes so far as to allege that Turo is vicariously liable for Arevalo's conduct. *See Dkt. 59 at Count IX. Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 450 (9th Cir. 2018). (Vicarious liability, or "respondeat superior," imposes liability on a "principal" (typically an employer) for the actions of its "agents" (typically employees).

Given these allegations, Plaintiff must arbitrate all legal claims against Turo and Arevalo. *See, e.g., Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (*citing* 9 U.S.C. § 4). Plaintiff is bound to follow the agreement she accepted. *See, e.g., Oatway v. Experian Info. Sols., Inc.*, No. 2:24-CV-00523-LK, 2024 WL 4879822, at *6 (W.D. Wash. Nov. 25, 2024).

## VI.   CONCLUSION

For these reasons, the Court should dismiss Plaintiff's lawsuit as it is not properly before this federal court. Further, the Court should decline to exercise its supplemental jurisdiction under 28 U.S.C § 1467(c). However, should the Court decline to dismiss Plaintiff's lawsuit at this juncture, this Court should compel arbitration of Plaintiff's claims against Defendant Jose Arevalo and stay all further proceedings.

We certify that this memorandum contains 4,525 words, in compliance with the Local Civil Rules

RESPECTFULLY SUBMITTED this 9th day of June, 2026.

*/s/ Todd Maybrown*
Todd Maybrown, WSBA NO. 18557
Attorney for Defendants Arevalo and Jimenez
Allen, Hansen, Maybrown & Offenbecher, P.S.
600 University Street, Suite 3020
Seattle, WA 98101
206-447-9681 – Phone
todd@ahmlawyers.com

*DEFENDANT AREVALO'S MOTION TO DISMISS – 19*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

/s/ Perry N. Maybrown

Perry N. Maybrown, WSBA NO. 61550
Attorney for Defendants Arevalo and Jimenez
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3400
Seattle WA 98101
206-623-1900
pmaybrown@kellerrohrback.com


/s/ Laura Shaver

Laura Shaver, WSBA NO. 44087
Attorney for Defendants Arevalo and Jimenez
Law Offices of Laura Shaver
3120 Broadway
Everett, WA  98201
425-595-6130
laura@laurashaverlaw.com

*DEFENDANT AREVALO'S MOTION TO DISMISS – 20*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

**Allen, Hansen, Maybrown**
**& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2026, I electronically filed the above document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

DATED at Federal Way, Washington this 9th day of June, 2026.

By: */s/ Sarah Conger*
Sarah Conger, Legal Assistant
Allen, Hansen, Maybrown & Offenbecher, P.S.
600 University Street, Suite 3020
Seattle, WA  98101
206-447-9681

*DEFENDANT AREVALO'S MOTION TO DISMISS – 21*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

**Allen, Hansen, Maybrown**
**& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681