Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| G.P.,<br><br>               Plaintiff,<br><br>    v.<br><br>JOSE HERNANDEZ AREVALO, an individual; MARICELA JIMENEZ, an individual; TURO INC., a Delaware corporation; META PLATFORMS INC., a Delaware corporation; and REDDIT INC., a Delaware corporation,<br><br>               Defendants. | NO.  2:26-cv-00284-KKE<br><br>DEFENDANT MARICELA JIMENEZ'S MOTION TO DISMISS<br><br><br>NOTE FOR MOTION CALENDAR:<br>July 15, 2026 |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ 3

I.    INTRODUCTION .................................................................................................... 7

II.   FACTUAL BACKGROUND ................................................................................... 7

    A.     Plaintiff's Allegations ................................................................................... 7

III.  LEGAL BACKGROUND ....................................................................................... 10

IV.  THIS COURT LACKS FEDERAL JURISDICTION .............................................. 12

    A.     The Case Should Be Dismissed For Lack of Jurisdiction .................................. 12

*DEFENDANT JIMENEZ'S MOTION TO DISMISS – 1*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

**Allen, Hansen, Maybrown**
**& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

B.    The Court Should Decline to Exercise Supplemental Jurisdiction ................... 12

V.    PLAINTIFF'S CLAIMS AGAINST MARICELA JIMENEZ ARE UNSUPPORTED AND LEGALLY UNTENABLE ................................................................... 14

A.    Plaintiff's Allegations are Deficient .................................................. 14

B.    In Washington, Parents are Not Responsible for the Carelessness or Negligence of their Child .................................................................... 14

C.    Plaintiff's Boilerplate Claim of Agency Fails ..................................... 15

D.    Vicarious Liability is Not a Proper Cause of Action. ........................... 17

E.    Ownership of a Car, Without More, Cannot Support Liability under a Theory of Negligent Entrustment ........................................................ 18

F.    Plaintiff's Negligence Claims Against Jimenez Fail as a Matter of Law ............ 20

VI.    CONCLUSION ............................................................................. 24

*DEFENDANT JIMENEZ'S MOTION TO DISMISS – 2*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

**Allen, Hansen, Maybrown & Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

## TABLE OF AUTHORITIES

### Federal Cases

*Akins v. Seterus, Inc.*,
  2019 U.S. Dist. LEXIS 152456 (E.D. Cal. Sept. 6, 2019) .................................................... 15

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................... 10, 11, 14

*Banks v. Soc'y of St. Vincent De Paul*,
  143 F.Supp.3d 1097 ............................................................................................................ 17

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................................... 10, 14

*Cahill v. Liberty Mutual Ins. Co.*,
  80 F.3d 336 (9th Cir. 1996) ............................................................................................... 14

*Carnegie-Mellon Univ. v. Cohill*,
  484 U.S. 343 (1988) ........................................................................................................... 13

*City of Chi. v. Int'l Coll. of Surgeons*,
  522 U.S. 156 (1997) ........................................................................................................... 13

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524 (9th Cir. 1993) ........................................................................................... 11

*Garst v. Lockheed - Martin Corp.*,
  328 F.3d 374 (7th Cir. 2003) ............................................................................................. 11

*Gibson v. City of Portland*,
  165 F.4th 1265 (9th Cir. 2026) ............................................................................. 7, 8, 9, 10

*Godecke v. Kinetic Concepts, Inc.*,
  937 F.3d 1201 (9th Cir. 2019) ........................................................................................... 10

*Johnson v. Marriott*,
  2017 U.S. Dist. LEXIS 72283, 2017 WL 1957071 (W.D. Wash. May 5, 2017) ................ 16

*McCauley v. Ford Motor Co.*,
  264 F.3d 952 (9th Cir. 2001) ............................................................................................. 12

*McMurray v. United States*,
  551 Fed.Appx. 651 (4th Cir. 2014) .................................................................................... 18

*Owen Equip. & Erection Co. v. Kroger*,
  437 U.S. 365 (1978) ........................................................................................................... 12

**Allen, Hansen, Maybrown
& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

*Se Gonzalez v. Thaler*,
  565 U.S. 134 (2012) ................................................................................................... 12

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ..................................................................................... 14

*Stillwell v. City of Los Angeles*,
  2024 U.S. Dist. LEXIS 35423 (C.D. Cal. Feb. 12, 2024) .................................................. 11

*Stock West, Inc. v. Confederated Tribes of the Colville Reservation*,
  873 F.2d 1221 (9th Cir. 1989) ..................................................................................... 12

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) ................................................................................................... 10

*United Mine Workers of Am. v. Gibbs*,
  383 U.S. 715 (1966) ................................................................................................... 13

*United States v. Knotts*,
  460 U.S 276 (1983) ................................................................................................... 18

*Watson v. Algas-SDI Int'l*,
  2025 U.S. Dist. LEXIS 66168 ..................................................................................... 16

## State Cases

*Birch v. Abercrombie*,
  74 Wash. 486 (1913) ................................................................................................... 14

*Brown v. MacPherson's, Inc.*,
  86 Wn.2d 293 (1975) ................................................................................................... 22

*Davis v. Browne*,
  20 Wn.2d 219 (1944) ................................................................................................... 15

*Ehrhart v. King County*,
  195 Wn.2d 388 (2020) ................................................................................................... 22

*Folson v. Burger King*,
  135 Wn.2d 658 (1998) ................................................................................................... 20

*Hertog, et rel. S.A.H. v. City of Seattle*,
  138 Wn.2d 265 (1999) ................................................................................................... 14

*Johns v. Hake*,
  15 Wn.2d 651 (1942) ................................................................................................... 17

*Joyce v. Dep't of Corr.*,
  155 Wn.2d 306 (2005) ................................................................................................... 14

*DEFENDANT JIMENEZ'S MOTION TO DISMISS – 4*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

**Allen, Hansen, Maybrown**
**& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

*Kim v. Budget Rent A Car Sys.*,
  143 Wn.2d 190 (2001) .................................................................................. 20, 21, 23

*Mejia v. Erwin*,
  45 Wn.App. 700 (1986) ........................................................................................ 19

*Meyers v. Ferndale Sch. Dist.*,
  197 Wn.2d 281 (2021) .................................................................................... 22, 23

*Moss v. Vadman*,
  77 Wn.2d 396 (1969) ........................................................................................... 15

*Robb v. City of Seattle*,
  176 Wn.2d 427 (2013) ......................................................................................... 21

*Robel v. Roundup Corp.*,
  148 Wn.2d 35 (2002) ........................................................................................... 17

*Taggart v. State*,
  118 Wn.2d 195 (1992) ......................................................................................... 14

*Volk v. DeMeerLeer*,
  187 Wn.2d 241 (2016) ......................................................................................... 14

*Warren v. Norguard*,
  103 Wash. 284 (1918) .......................................................................................... 15

*Weber*,
  162 Wn.App. at 11 .......................................................................................... 19, 20

## Federal Statutes

28 U.S.C § 1467 ................................................................................................... 24

28 U.S.C. § 1367 ................................................................................................... 13

28 U.S.C. § 1467 ................................................................................................... 13

## State Statutes

RCW 4.24.190 ...................................................................................................... 14

RCW 46.61.500 .................................................................................................... 18

RCW 46.61.672 .................................................................................................... 18

RCW 46.61.673 .................................................................................................... 18

RCW 9A.36.050 ................................................................................................... 18

*DEFENDANT JIMENEZ'S MOTION TO DISMISS – 5*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

**Allen, Hansen, Maybrown
& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

## **Rules**

Federal Rule of Civil Procedure 12 ............................................................................ 10, 11, 12

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 10

*DEFENDANT JIMENEZ'S MOTION TO DISMISS – 6*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

**Allen, Hansen, Maybrown**
**& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

## I.    INTRODUCTION

Plaintiff's complaint is predicated upon the assumption that Defendants' wrongfully published a dashcam recording of Plaintiff (identified as "G.P." or "Ms. G.P.") texting while driving and then crashing Defendant Jose Arevalo's ("Arevalo") car. *See Dkt. 59* ("Plaintiff's First Amendment Complaint for Damages and Injunctive Relief") ("FAC").  Plaintiff alleges violations of state and federal statutes and related state tort claims against several Defendants. As to Arevalo's mother, Maricela Jimenez ("Jimenez"), Plaintiff claims (with little explanation) that she was negligent and somehow legally accountable under a theory of vicarious liability. *See Id. at Counts VIII-X.*  However, as demonstrated below, these claims are factually and legally untenable.

## II.    FACTUAL BACKGROUND

### A.  Plaintiff's Allegations

Plaintiff alleges that, in August 2025, she rented a Nissan Leaf through the online platform Turo. *See Doc. 1 at ¶ IV.A.1.*[1]  According to the FAC, Arevalo, the "host" for this rental, had the car fitted with an interior-facing dashcam[2] that recorded video and audio of the driver — allegedly without Plaintiff's consent. *See Id. at ¶¶ IV.A.2–5.*  In presenting this allegation, Plaintiff acknowledges that Arevalo provided written notification of the dashcam recording device to

---

[1] The FAC, although less unwieldy than the original Complaint [*Dkt. 1*], includes hundreds of paragraphs, subparagraphs, and sub-subparagraphs.  And Plaintiff has presented a classic "shotgun pleading" – as the FAC indiscriminately incorporates assertions from one count to another.  *See generally Gibson v. City of Portland*, 165 F.4th 1265, 1288-89 (9th Cir. 2026) (emphasizing that "district courts do not have to accept such shotgun pleadings").

[2] A dashcam is a digital recorder that sits on the dashboard or windshield of a vehicle, capturing what happens while driving.  These devices, which can record what happens inside and/or outside the vehicle, often provide crucial video evidence for insurance claims and police reports in accidents, theft, or vandalism, with many models offering loop recording and parking surveillance.

*DEFENDANT JIMENEZ'S MOTION TO DISMISS – 7*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

Plaintiff before she accepted the rental. *See Id. at ¶ IV.A.2.* Plaintiff also admits that she was invited to disable (or "unplug") the dashcam if she preferred. *See Id. at ¶ IV.A.3.* Nevertheless, Plaintiff accepted the rental, responded to the written notification, and chose to drive the car while the dashcam recording device was enabled.

According to Plaintiff's narrative:

On the afternoon of August 25, 2025, Ms. G.P. was driving the Nissan Leaf in a rural area near Arlington, Snohomish County, Washington. She was unfamiliar with the vehicle and was rushing to return it by the agreed-upon time. While driving, she experienced a period of distraction. During that period of distraction — which the dashcam footage reflects lasted approximately twenty (20) seconds — Ms. G.P. looked down at her phone. Her attention lapsed from the road.

*Id. at ¶ IV.B.1.* Then, Plaintiff drove Arevalo's car off the roadway into a ditch, striking a mailbox and totaling the vehicle. *See Id. at ¶ IV.B.2.* The FAC alleges that, due to what is described as "acute psychological shock and trauma," *Id. at ¶ IV.B.3*, Plaintiff somehow formed the delusional belief she had been forced off the road by a non-existent car. This delusion led Plaintiff to tell police officers and Arevalo that she was not responsible for the crash. *See Id. at ¶ IV.B.3-4; Id. at ¶¶ IV.C.1–2.* Plaintiff continued to make these false claims – and to blame the accident on a phantom driver – even after Arevalo reminded Plaintiff that the dashcam recorder had probably documented the entire incident. *See Id. at IV.C.4.* Yet, initially, Arevalo took Plaintiff at her word.

In the days following the accident, Arevalo retrieved his car and accessed the memory card from the dashcam recording device. *See Id. at ¶ IV.D.1.* Upon reviewing the footage, Arevalo discovered that Plaintiff had been lying about her conduct and the cause of the accident. As Plaintiff now concedes:

*DEFENDANT JIMENEZ'S MOTION TO DISMISS – 8*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

**Allen, Hansen, Maybrown & Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

The footage clearly showed what had actually occurred: Ms. G.P. had been looking at her phone in the moments before the crash; no other vehicle was visible; her distraction alone caused her to lose control; the accident was a single-vehicle incident of her own making.

*Id. at ¶ IV.B.2.*[3]

Arevalo responded by uploading the video recording to Facebook under his personal profile, as a public post. *See Id. at ¶¶ IV.D. 3–4.* Plaintiff alleges she was injured when the video of her conduct spread online. *See Id. at ¶ I.5; Id. at ¶ IV.F-J.* Plaintiff also claims to have suffered damages from the publication of the dashcam footage. *See Id. at ¶ IV.K.*

The FAC includes few details regarding Arevalo's mother, and it is unclear why she has been included as a defendant in this action. The allegations, which seem to be based upon little more than "information and belief," *Id. at ¶ III.C.1*, are summarized as follows:

> Plaintiff does not allege that Ms. Jimenez personally operated any recording device, reviewed any footage, or participated in the recording or publication of any content. Plaintiff's claims against Ms. Jimenez are limited to: (a) liability arising from her ownership of a vehicle placed into commercial rental service containing an undisclosed interior recording device; (b) vicarious liability for Mr. Arevalo's conduct as her authorized agent in managing and operating the Turo rental; and (c) negligent entrustment in permitting Arevalo to rent out her vehicle without taking reasonable steps to ensure compliance with applicable privacy laws and Turo's platform policies.

---

[3] It is noteworthy that Plaintiff did not make these same admissions before filing the FAC. Rather, in her initial Complaint, Plaintiff put forth a series of false and misleading allegations. For example, Plaintiff alleged the crash occurred following a "moment of distraction and panic" when Plaintiff made a "split-second decision" to "glance" at her phone. *See Dkt. 1 at ¶ IV.B.1.* The irrefutable video evidence shows otherwise. *See,* https://www.youtube.com/shorts/kInI8dePsuY. Plaintiff did not act out of panic; and she did not merely "glance" towards her phone for a "split-second." Rather, Plaintiff made a conscious decision to text while she was driving Arevalo's car at a high rate of speed on a busy roadway – with Plaintiff's eyes facing downward and with both hands typing messages on her phone – for more than 20 seconds. Then, after driving the car off the public roadway and crashing into a ditch, Plaintiff falsely claimed she had been forced off the road by a phantom driver. It was Plaintiff's conduct and lies – and her concerted effort to hide the truth – that led to her undoing. And Plaintiff continued to perpetuate these lies when she filed her initial Complaint.

*DEFENDANT JIMENEZ'S MOTION TO DISMISS – 9*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

*Id. at ¶ III.C.*2.  Plaintiff presents virtually no facts that could support these conclusory claims. Notably, Plaintiff never once mentions Jimenez in the nearly ten pages that purport to be the "Factual Allegations" in support of the causes of action.  *See id. at ¶ IV.A-K.*

### III.    LEGAL BACKGROUND

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Motions to dismiss under Fed. R. Civ. P. 12(b)(6) may be based on "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (citation omitted).  A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (citation omitted).  "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  Here, in an attempt to recast this case as something it is

*DEFENDANT JIMENEZ'S MOTION TO DISMISS – 10*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

**Allen, Hansen, Maybrown
& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

not, Plaintiff has asserted generic allegations to the effect that the dashcam could have recorded "private in-cabin communications." *See Dkt. 59 at ¶¶ IV.E.1, IV.I.2.* Along these same lines, Plaintiff alleges the dashcam may have recorded phone conversations – or at least Plaintiff's side of phone conversations – with unknown third parties. *See Id. at ¶¶ IV.E.2, IV.I.2; Id. at Count 1 at ¶ 3.* Not only are these allegations unfounded, but they are in no way relevant to the claims in this lawsuit. These unidentified "communications" and "conversations" – assuming they may have occurred – were never disclosed or publicized.

Rule 12(f) permits a court to strike "immaterial" matters from a pleading. *See, e.g., Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (immaterial matter is "that which has no essential or important relations to the claim for relief"). "Often, it is true, 'surplusage can and should be ignored,' but 'length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter.'" *Stillwell v. City of Los Angeles*, 2024 U.S. Dist. LEXIS 35423, *9 (C.D. Cal. Feb. 12, 2024) (*citations omitted*). *See also Garst v. Lockheed – Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Some complaints are windy but understandable. Surplusage can and should be ignored.").

This lawsuit is based upon the publication of a single video recording.[4] The Court should strike (or ignore) Plaintiff's claims regarding her supposed "oral communications" or "phone conversations" with unknown third parties. The dashcam recording at issue does not include any such communications or conversations. Accordingly, Plaintiff's generic allegations should be treated as nothing more than immaterial surplusage.

---

[4] Plaintiff confirms the dashcam recording is accurate and reliable: "[t]he footage clearly showed what had actually occurred." *Dkt. 59 at ¶ IV.B.2.* Given Plaintiff's acknowledgement, this Court should consider the dashcam recording as it has been incorporated by reference in the FAC. A true and correct copy of this recording can be found at https://www.youtube.com/watch?v=_w8Fll6a0hM. *See also* https://www.youtube.com/shorts/kInI8dePsuY (noting that "the dashcam told the real story").

**Allen, Hansen, Maybrown**
**& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

## IV.   THIS COURT LACKS FEDERAL JURISDICTION

### A.   The Case Should Be Dismissed For Lack of Jurisdiction

Federal courts are courts of limited jurisdiction.  *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). "Subject matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties.  *Se Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Rule 12(b)(1) allows a defendant to seek dismissal of a claim or action for a lack of subject matter jurisdiction.  Although the defendant is the moving party in a motion to dismiss, the plaintiff is the party invoking the court's jurisdiction.  As a result, the plaintiff bears the burden of proving that the case is properly in federal court.  *See, e.g., McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Generally, there are two potential bases for federal subject matter jurisdiction:  (1) diversity jurisdiction or (2) federal question jurisdiction.  Plaintiff has attempted to invoke both bases in this case; but neither theory is factually or legally tenable.  *See Defendant Jose Arevalo's Motion to Dismiss And, If Necessary, For Alternative Relief.  See Dkt. 78.*

### B.   The Court Should Decline to Exercise Supplemental Jurisdiction

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  Nevertheless, in some circumstances, the

**Allen, Hansen, Maybrown**
**& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

district court may maintain subject matter jurisdiction over state law claims under the supplemental jurisdiction statute after dismissing federal claims.  *See* 28 U.S.C. § 1467(c).

The Supreme Court has highlighted that supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right, and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997) (internal quotation marks and citations omitted).  In *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966), for example, the Court emphasized  that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well."  *See id.* at 726.  More recently, the Supreme Court stated:

> [A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims.  When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.

*Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988).

The supplemental jurisdiction statute codifies these principles.  *See* 28 U.S.C. § 1367(c).  Here, all factors weigh against the exercise of supplemental jurisdiction.  When filing the FAC, Plaintiff raised eight separate state law claims.   And Plaintiff seemingly acknowledges that many of these state claims are novel and/or legally complex.  Two of these causes of action – Counts VIII and X – identify Jimenez as a defendant.[5]  But Plaintiff can offer no compelling reason for these state law claims against Jimenez to be litigated in federal court.

---

[5] Count IX includes a claim of vicarious liability against Turo and Jimenez.  As discussed below, this is not a proper cause of action.

*DEFENDANT JIMENEZ'S MOTION TO DISMISS – 13*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

**Allen, Hansen, Maybrown & Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

## V.   PLAINTIFF'S CLAIMS AGAINST MARICELA JIMENEZ ARE UNSUPPORTED AND LEGALLY UNTENABLE

### A.  Plaintiff's Allegations are Deficient

Plaintiff has presented a series of assertions – described as "Factual Allegations" – in support of the claims in this lawsuit.  Other than a bare assertion that Maricela Jimenez was the registered owner of the Nissan Leaf, Plaintiff presents nothing that could support her legal claims against Jimenez.  Plaintiff's generalized allegations in paragraph *III.C.2.* of the FAC – all of which should be treated as boilerplate – are conclusory legal claims.

It is axiomatic that allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  *See, e.g., Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  However, the Court need not accept conclusory allegations, legal conclusions, unwarranted deductions of fact or unreasonable inferences as true.  *See generally Ashcroft*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly*, 550 U.S. at 555 (on motion to dismiss court is "not bound to accept as true a legal conclusion couched as a factual allegation").  *See also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### B.  In Washington, Parents are Not Responsible for the Carelessness or Negligence of their Child

A parent is not liable for the torts of her child solely because of the relationship.  Such liability, if any exists, must rest upon the relation of agency.[6]  *See, e.g., Birch v. Abercrombie,*

---

[6] RCW 4.24.190 modifies this basic rule. However, as the statute only imposes strict liability up to $5,000 only for certain willful and malicious actions of minor children living at home, it is inapplicable in this case. While Washington has adopted "take charge" special relationships that require an individual to exercise reasonable care to control a third parties' action to prevent harm, to Defendant's knowledge, no court in Washington has applied the "take charge" duty to parents of an adult child. *See generally Taggart v. State*, 118 Wn.2d 195, 195 (1992) (parole officer/parolee); *Hertog, et rel. S.A.H. v. City of Seattle*, 138 Wn.2d 265 (1999) (probation officers/probationers); *Joyce v. Dep't of Corr.*, 155 Wn.2d

*DEFENDANT JIMENEZ'S MOTION TO DISMISS – 14*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

74 Wash. 486 (1913); *Davis v. Browne,* 20 Wn.2d 219 (1944); *Warren v. Norguard,* 103 Wash. 284 (1918).   Here, Plaintiff's cannot plausibly claim that Maricella Jimenez is legally responsible for the actions of her adult son.

### C. <u>**Plaintiff's Boilerplate Claim of Agency Fails**</u>

As a threshold matter, Plaintiff broadly claims that Jose Arevalo was acting as his mother's "agent" when he posted the dashcam recording to his personal Facebook page.  *See Dkt. 59 at ¶ II.C.2* (alleging "Arevalo acted as the agent authorize representative and co-host of Defendant Jimenez")*; Id. at ¶ II.C.3, and Count IV at ¶¶ 2-3.*  This allegation is something of a non-sequitur – as Plaintiff has presented no facts (beyond boilerplate assertions) that could support a claim that Jimenez acted as the principal vis-à-vis Turo or Plaintiff.

> The essential characteristics of an agency relationship are:
>
> that the agent or apparent agent holds power to alter legal relations between the principal and third persons and between the principal and himself; (2) that the agent is a fiduciary with respect to matters within the scope of the agency; and (3) that the principal has the right to control the conduct of the agent with respect to matters entrusted to him.

*Akins v. Seterus, Inc.*, 16-cv-01656-TLN-KJN, 2019 U.S. Dist. LEXIS 152456, at *4 (E.D. Cal. Sept. 6, 2019) (*citing Garlock Sealing Techs., LLC v. NAK Sealing Techs. Corp.*, 148 Cal.App.4th 937, 964 (2007)).  "To sufficiently plead the existence of an agency relationship, a plaintiff must allege facts demonstrating the principal's control over its agent." *Id.*[7]  Here, Plaintiff does not allege that Arevalo was controlled by Jimenez in this scenario – and no factual allegations (beyond conjecture) support such a claim.

---

306 (2005) (community corrections officers/offenders).  *See also Volk v. DeMeerLeer*, 187 Wn.2d 241 (2016) (duty akin to "take charge" duty found in psychiatrist/outpatient client context).

[7] Although this is a California case, the Washington law is similar.  *See, e.g., Moss v. Vadman,* 77 Wn.2d 396, 402-03 (1969); *Yong Toa v. Heng Bin Li*, 140 Wn.Ap. 825, 831 (2007).  *See also* WPI 50.01.

*DEFENDANT JIMENEZ'S MOTION TO DISMISS – 15*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

Plaintiff's threadbare assertions of agency are insufficient in this context. The thrust of this litigation surrounds Arevalo's publication of the dashcam recording that captured Plaintiff violating Washington law as she was texting while driving and then crashing Arevalo's car. Even Plaintiff concedes there is no evidence that Jimenez knew – or had any reason to know – that Arevalo intended to post the video recording on his personal Facebook page. *See Dkt. 59 at ¶ III.2.* Arevalo and Jiminez are family members which is not a basis for legal liability. And there is nothing to support Plaintiff's conclusory assertion that Arevalo was acting as his mother's agent.

Nevertheless, consistent with a kitchen sink approach to this litigation, Plaintiff also attempts to plead a claim of "apparent" agency. *See FAC at Count IX* (claiming "apparent authority"). Washington does recognize a theory of apparent agency under certain limited circumstances. *See Watson v. Algas-SDI Int'l*, 2025 U.S. Dist. LEXIS 66168, **8-11 (W.D. Wa. Apr. 7, 2025). But, to recover under that theory, Plaintiff must demonstrate she subjectively believed that Arevalo was an agent of Jimenez and that Plaintiff's subjective belief was objectively reasonable. *See Johnson v. Marriott*, 2017 U.S. Dist. LEXIS 72283, 2017 WL 1957071, at *6 (W.D. Wash. May 5, 2017). Here, there is no claim that Plaintiff would have – or could have – formed such a belief regarding Maricela Jimenez. Plaintiff was unaware of Jimenez's existence before she crashed Arevalo's car, and Jimenez took no part in the Turo rental process. Simply put, Plaintiff did not have sufficient information to form a subjective belief that an agency relationship existed. And, even assuming Plaintiff may have reached that conclusion at some point after she crashed Arevalo's car, Plaintiff's subjective beliefs are unreasonable.

*DEFENDANT JIMENEZ'S MOTION TO DISMISS – 16*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

### D. **Vicarious Liability is Not a Proper Cause of Action.**

In Count IX, Plaintiff purports to raise a stand-alone claim of vicarious liability. *See Dkt. 59 at Count IX.* Jimenez denies that she is vicariously liable for the conduct of her adult son and denies that "vicarious liability" is even a stand-alone legal claim. *See, e.g.*, *Banks v. Soc'y of St. Vincent De Paul*, 143 F.Supp.3d 1097, 1104 (W.D. Wa. 2015) (granting summary judgment because "[v]icarious liability is not a cause of action; rather, it is a legal theory that 'imposes liability on an employer for the torts of an employee who is acting on the employer's behalf.'"). The Court should dismiss Count IX as it does not properly allege a cause of action under Washington law.

Vicarious liability is a form of derivative liability. *See, e.g. Johns v. Hake*, 15 Wn.2d 651, 655 (1942). Before an employer may be held vicariously liable, a plaintiff must establish tortious conduct on behalf of the employee. *See, e.g., Robel v. Roundup Corp.*, 148 Wn.2d 35, 52-53 (2002). The FAC includes no allegation that Arevalo was acting as his mother's employee; and there is no basis for a claim of derivative liability against Jimenez on account of Arevalo's publication of a single dashcam recording.[8]

Notably, the dashcam recording at issue does not reveal any of Plaintiff's private activity. Rather, the recording documents the following: (1) Plaintiff's conduct while driving Arevalo's car on a public roadway – including Plaintiff's decision to text with both hands off the wheel with her eyes staring down at her phone – while driving at a high rate of speed; and (2) Plaintiff's utterances once Plaintiff realized she had crashed Arevalo's car due to her

---

[8] However we describe the familial relationship between Arevalo and Jimenez, it defies logic and common sense to suggest that Arevalo's post-crash conduct was within the "scope" of that relationship.

*DEFENDANT JIMENEZ'S MOTION TO DISMISS – 17*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

**Allen, Hansen, Maybrown & Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

unlawful conduct. The recording does not include any two-party conversations or any of Plaintiff's communications with a third party.

Plaintiff's reckless activity cannot fairly be described as "private" conduct; it is a matter of grave public concern. *See generally United States v. Knotts*, 460 U.S 276 (1983) (no expectation of privacy extended to the visual observation of automobile visible to the public). And, as the Fourth Circuit has explained: "Careless driving exposes the public, not merely the driver . . ., to great danger." *McMurray v. United States*, 551 Fed.Appx. 651, 655 (4th Cir. 2014). In fact, the dashcam recording demonstrates that Plaintiff committed a litany of criminal offenses in the lead up to the crash. *See* RCW 46.61.672 (unlawful use of an electronic device); RCW 46.61.673 (dangerously distracted driving); RCW 46.61.500 (reckless driving); RCW 9A.36.050 (reckless endangerment). Plaintiff had no reasonable expectation of privacy while openly texting and driving on a public road.

Putting aside the buzzwords in the FAC, it is clear Plaintiff's unlawful conduct while driving was not "private" and that Arevalo did not publicize any of Plaintiff's private conversations or activities. *See generally Doc. 78.* It is likewise clear that Arevalo did not violate any privacy laws. Therefore, Plaintiff's claims of vicarious liability are equally baseless.

### E. Ownership of a Car, Without More, Cannot Support Liability under a Theory of Negligent Entrustment

The mere ownership of an automobile does not make the owner an insurer of the public in relation to the operation thereof by a third person. In Washington, "a person entrusting a vehicle to another may be liable under a theory of negligent entrustment only if that person knew, or should have known in the exercise of ordinary care, that the person to whom the vehicle was entrusted is

**Allen, Hansen, Maybrown**
**& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

reckless, heedless, or incompetent." *Weber v. Budget Truck Rental, LLC,* 162 Wn.App.5, 9 (2011).

*See also Mejia v. Erwin*, 45 Wn.App. 700, 704 (1986).  As the *Weber* court succinctly explained:

> Liability on the part of the owner is generally confined to cases where he or she entrusts a motor vehicle to one whose *appearance or conduct* is such to indicate his or her incompetence or inability to operate the vehicle with due care; to impose liability in other cases, where the incompetence of the driver is not apparent to the owner at the time of entrustment, it must be affirmatively shown that the owner had at that time knowledge of such facts and circumstances relating to the driver's incompetence to operate the vehicle as would charge the owner with knowledge of such incompetence.  Such knowledge may be established by the fact that the owner knew of specific instances of carelessness or recklessness on the part of the driver.

*Weber,* 162 Wn.App. at 11 (*quoting Cowan v. Jack*, 922 So. 2d 559, 565 (La. 2005)) (emphasis in original).

In the FAC, Plaintiff attempts to advance a theory of negligent entrustment by claiming that Jimenez "entrusted the vehicle to Arevalo and permitted the rental of her vehicle to proceed without taking steps to ensure compliance with applicable privacy requirements."  *Dkt. 59 at Count X at ¶ X.-5.*  This claim is legally deficient on its face.

As a threshold matter, application of the negligent entrustment doctrine in a case like this is dubious. There is no claim that Arevalo operated the vehicle "recklessly" or was otherwise "not competent" to operate the Leaf.  For Arevalo's operation of the Leaf played no role in the events that underly Plaintiff's claims.  Indeed, the undisputed facts demonstrate that it was Plaintiff (the Guest) rather than Jimenez's son (the Host) who was not competent to operate the Leaf.  Because it is now undisputed that Plaintiff was solely responsible for the crash, the doctrine of negligent entrustment would seem to have no logical application to this case.

Even assuming the entrustment doctrine could apply to a privacy claim, Plaintiff has failed to plead the basic elements for that theory of liability.  Other than conclusory allegations of

**Allen, Hansen, Maybrown**
**& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

negligence, there is no factual support for a claim that Arevalo was "reckless, heedless, or incompetent." Taking Plaintiff's pleadings at face value, there is no allegation that Arevalo had previously publicized a dashcam recording on Facebook or in any other manner. There is no "appearance or conduct" Jimenez could have relied upon to even predict such alleged negligence, let alone impose liability. As such, Plaintiff's theory of negligent entrustment is legally deficient.

### F.   Plaintiff's Negligence Claim Against Jimenez Fail as a Matter of Law

Plaintiff has raised a free-standing negligence claim against Turo and Jimenez. *See Dkt. 59 at Count VIII.* Here, Defendant will focus upon the allegations relating to Jimenez since there is no allegation that Jimenez had any involvement with Turo or with Arevalo's decision to place the Leaf for rent via the Turo platform.

As a threshold matter, there is no support for Plaintiff's claim that Jimenez can be liable simply because of her "status" as the registered owner of the vehicle. *Dkt. 59 at Count VIII at ¶ VIII.-2.* Plaintiff presents generalized allegations to the effect that Jimenez should be held liable because she somehow failed to take "steps to ensure compliance with applicable privacy laws." *Id. at ¶VIII.-3.* But, even accepting all of Plaintiff's factual allegations in the FAC, Jimenez can not be held responsible for Arevalo's decision to post a dashcam recording on his personal Facebook page.

"It is an elementary principle that an indispensable factor to liability founded upon negligence is the existence of duty of care owed by the alleged wrongdoer to the person injured . . . ." *Kim v. Budget Rent A Car Sys.*, 143 Wn.2d 190, 194-95 (2001) (*Routh v. Quinn,* 20 Cal.2d 488, 491, 127 P.2d 1, 3 (1942)). The existence of duty is a question of law. *See, e.g., Folson v. Burger King*, 135 Wn.2d 658, 671 (1998).

*DEFENDANT JIMENEZ'S MOTION TO DISMISS – 20*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

**Allen, Hansen, Maybrown & Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

> "'The general rule at common law is that a private person does not have a duty to protect others from the criminal acts of third parties.'" *Nivens v. 7-11 Hoagy's Corner*, 133 Wn.2d 192, 199 (1997) (*quoting Hutchins v. 1001 Fourth Ave. Assocs.*, 116 Wn.2d 217, 223 (1991)).  This is an expression of the policy that "one is normally allowed to proceed on the basis that others will obey the law." *Hutchins*, 116 Wn.2d at 236.

*Kim v. Budget Rent A Car Sys.*, 143 Wn.2d 190, 195 (2001) (as amended January 30, 2001).  Here, to accept the Plaintiff's allegations of negligence, Jimenez would be facing liability because she failed to predict that Plaintiff intended to violate Washington law.

Plaintiff's negligence allegations against Jimenez are tautological.  First, Plaintiff claims that Jimenez, as the owner of the car, owed Plaintiff a duty to "exercise reasonable care for her privacy, safety, and well-being during the course of the rental transaction."  *Dkt. 59 at Count VIII at ¶ 2.*  Second, assuming the validity of the first claim, Plaintiff asserts: "Jimenez breached her duty by permitting Arevalo to rent out her vehicle without taking steps to ensure compliance with applicable privacy laws and platform policies." *Id. at ¶ 3.*  But, even accepting these generalized allegations, Plaintiff's negligence claim fails because Jimenez did not owe a duty to the public in general or to Plaintiff in particular.

Plaintiff concedes that Jimenez had no active involvement in the Turo rental process or the posting of the dashcam recording at issue.  Yet, Plaintiff's seemingly hopes to establish liability based upon Jiminez's nonfeasance or "'passive inaction or failure to take steps to protect others from harm.'" *Robb v. City of Seattle*, 176 Wn.2d 427, 437 (2013) (*quoting Lewis v. Krussel*, 101 Wn.App.178, 184 (2000)).  The "distinction between 'acts' and 'omissions'" is

*DEFENDANT JIMENEZ'S MOTION TO DISMISS – 21*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

important because liability will typically not be imposed for the latter." *Brown v. MacPherson's, Inc.*, 86 Wn.2d 293, 300 (1975).[9]

In instances of nonfeasance – as in this case – there is no duty of care absent a special relationship. *See, e.g., Nunley v. Chelan-Douglas Health Dist.*, 32 Wn.App.2d 700, 710 (2024). Plaintiff has not alleged a special relationship here, because none existed. Perhaps most significantly, Plaintiff had no contact with Jimenez – let alone a contractual or financial relationship. Moreover, Jimenez did not take on any affirmative actions that would create a duty of care to Plaintiff vis-à-vis the dashcam recording. For this reason as well, Plaintiff's generalized negligence claim against Jimenez is legally deficient.

Finally, it is beyond far-fetched to claim that Jimenez is legally responsible for Plaintiff's alleged injuries. "Proximate cause is an essential element of an actionable negligence claim." *Ehrhart v. King County*, 195 Wn.2d 388, 396 (2020); *See also Meyers v. Ferndale Sch. Dist.*, 197 Wn.2d 281, 288-89 (2021) (where harm stems from an intervening act of a third person, a school may still be considered negligent where "the intervening act is reasonably foreseeable"). As the *Meyers* court explained: "legal cause is grounded in policy determinations as to how far the consequences of a defendant's acts should extend." *Id*. at 289 (*citing Schooley v. Pinch's Deli Mkt., Inc.*, 134 Wn.2d 468, 478-79 (1998)).

> Legal cause "concerns whether liability *should* attach as a matter of law" even where other elements of negligence are met. *Christen v. Lee*, 113 Wn.2d 479, 508 (1989) (*citing Baughn v. Honda Motor Co.*, 107 Wn.2d 127, 146 (1986)); *Schooley*, 134 Wn.2d at 479. To that end, we determine legal cause upon ""mixed considerations of logic, common sense, justice, policy, and precedent."" *Schooley*, 134 Wn.2d at 479 (*quoting* 1 THOMAS ATKINS STREET, FOUNDATIONS OF LEGAL LIABILITY 110 (1906))). Thus, "the court often exercises its gatekeeper function by dismissing an action without trial for lack

---

[9] Moreover, as noted in the *Nunley* case, "there is generally no duty to prevent third parties from causing criminal harm to others." *Id*. at 710 (*quoting Washburn v. City of Federal Way*, 178 Wn.2d 732, 757 (2013)).

*DEFENDANT JIMENEZ'S MOTION TO DISMISS – 22*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

of legal cause if the defendant's actions are too remote a cause of plaintiff's injuries." *McCoy v. Am. Suzuki Motor Corp.*, 136 Wn.2d 350, 359 (1998).

*Id.* at 298-99 (Gordon McCloud, J., concurring) (emphasis in original) (some citations omitted). Importantly, it is generally unforeseeable that a third party breaks the law. *See, e.g., Kim*, 143 Wn.2d at 195.

Thus, even if this Court was to accept Plaintiff's claim that Jimenez had a duty to ensure Plaintiff consented to use of the dashcam recording device (when there is no indication that Jimenez knew of the device), a series of intervening events subsequently occurred that were not foreseeable:

- Plaintiff would decline to "unplug" the dashcam after being invited to do so by Arevalo;

- Plaintiff would choose to violate Washington law, by texting while driving and driving recklessly while operating Arevalo's car;

- Plaintiff would engage in unlawful conduct that caused her to crash Arevalo's vehicle;

- Plaintiff would refuse to accept responsibility for her reckless driving;

- Plaintiff would lie to police officer and Arevalo about the crash and falsely claimed she was run off the road by a phantom driving;

- Arevalo would discover Plaintiff's lies after viewing the dashcam footage;

- Arevalo would choose to upload the dashcam footage to his private Facebook page;

- This dashcam footage would spread virally across Facebook, Instagram, Reddit, TikTok, YouTube and other platforms; and

- Plaintiff would suffer alleged "injuries" when other people viewed the dashcam footage which documented her unlawful activity.

Simply put, there is no reasonable direct link between Jiminez's supposed negligence and Plaintiff's alleged injuries. And considerations of "logic, common sense, justice, policy,

*DEFENDANT JIMENEZ'S MOTION TO DISMISS – 23*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

**Allen, Hansen, Maybrown**
**& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

and precedent" demonstrate that Plaintiff should not be permitted to recover from Jimenez when the alleged damages were the direct result of Plaintiff's unlawful and unforeseeable conduct. To rule otherwise would reward Plaintiff for her unlawful conduct – and would potentially incentivize other careless drivers to claim to have been victimized when their unlawful conduct is brough to light.

## VI.   CONCLUSION

For these reasons, the Court should dismiss Plaintiff's lawsuit as it is not properly before this federal court.  Further, the Court should decline to exercise its supplemental jurisdiction under 28 U.S.C § 1467(c).  However, should the Court decline to dismiss Plaintiff's lawsuit at this juncture, this Court should dismiss Plaintiff's legal claims against Maricela Jimenez.

We certify that this memorandum contains 5,679 words, in compliance with the Local Civil Rules

RESPECTFULLY SUBMITTED this 17th day of June, 2026.

ATTORNEYS FOR DEFENDANT MARICELA JIMENEZ

| | |
|---|---|
| */s/ Todd Maybrown* | */s/ Perry N. Maybrown* |
| Todd Maybrown, WSBA NO. 18557 | Perry N. Maybrown, WSBA NO. 61550 |
| Allen, Hansen, Maybrown & Offenbecher, P.S. | Keller Rohrback L.L.P. |
| 600 University Street, Suite 3020 | 1201 Third Avenue, Suite 3400 |
| Seattle, WA 98101 | Seattle WA 98101 |
| 206-447-9681 | 206-623-1900 |
| todd@ahmlawyers.com | pmaybrown@kellerrohrback.com |

*/s/ Laura Shaver*
Laura Shaver, WSBA NO. 44087
Law Offices of Laura Shaver
3120 Broadway
Everett, WA  98201
425-595-6130
laura@laurashaverlaw.com

*DEFENDANT JIMENEZ'S MOTION TO DISMISS – 24*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2026, I electronically filed the above document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

DATED at Federal Way, Washington this 17th day of June, 2026.

By: */s/ Sarah Conger*
Sarah Conger, Legal Assistant
Allen, Hansen, Maybrown & Offenbecher, P.S.
600 University Street, Suite 3020
Seattle, WA  98101
206-447-9681

4914-4107-4869, v. 2

*DEFENDANT JIMENEZ'S MOTION TO DISMISS – 25*
*(U.S. v. Arevalo, et al., No. 2:26-cv-00284-KKE)*

**Allen, Hansen, Maybrown**
**& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681