UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

G.P.,

                    Plaintiff(s),

        v.

JOSE HERNANDEZ AREVALO,

                    Defendant(s).

CASE NO. C26-284-KKE

ORDER GRANTING MOTION TO
PROCEED UNDER A PSEUDONYM AND
MOTION TO SEAL

When Plaintiff filed this lawsuit, she also moved for leave to proceed under the pseudonym "G.P." to avoid harassment and professional harm stemming from the viral video that is the subject of this case. Dkt. No. 2. Concurrently, Plaintiff provisionally filed under seal an affidavit, which reveals her identity, supporting her request to proceed pseudonymously. Dkt. Nos. 3, 4. The Court provisionally granted the motion to proceed under a pseudonym but, because no defendant had appeared, deferred considering whether granting Plaintiff's request would prejudice any of the defendants. Dkt. No. 11. The Court directed each defendant to either oppose Plaintiff's request by filing a motion for reconsideration or notify the Court that the defendant does not oppose the request. *Id.* at 4.

All but two defendants have now appeared and notified the Court that they do not oppose Plaintiff's motion to proceed pseudonymously. Dkt. Nos. 49, 50, 52, 53, 64. Of the other two, one has been dismissed (Dkt. No. 86), and the Clerk has entered default against the other (Dkt.

ORDER GRANTING MOTION TO PROCEED UNDER A PSEUDONYM AND MOTION TO SEAL - 1

No. 75).  Because no defendant has expressed that any prejudice that would result from permitting Plaintiff to proceed under a pseudonym, and for the reasons stated in the order provisionally granting the motion (Dkt. No. 11), Plaintiff's motion to proceed pseudonymously (Dkt. No. 2) is GRANTED.

No defendant has opposed Plaintiff's motion to seal her affidavit revealing her identity. The Court may seal judicial records when a party provides a compelling reason to keep information out of the public view.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Plaintiff has met this burden by showing that she has received online messages and phone calls from strangers that she describes as threatening and misogynistic as a result of the video at issue in this case.  In addition, as explained in the Court's prior order on the motion to proceed under a pseudonym, the Court finds there to be limited public interest in revealing G.P.'s identity given the private nature of this dispute.  Dkt. No. 11 at 3.  Accordingly, the motion to seal (Dkt. No. 3) is GRANTED.

Dated this 23rd day of June, 2026.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING MOTION TO PROCEED UNDER A PSEUDONYM AND MOTION TO SEAL - 2