*THE HONORABLE KYMBERLY K. EVANSON*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| G.P., an individual,<br><br>Plaintiff,<br><br>v.<br><br>JOSE HERNANDEZ AREVALO, an individual;<br>MARICELA JIMENEZ, an individual;<br>TURO, INC., a Delaware corporation; et al.,<br><br>Defendants. | **Case No. 2:26-cv-00284-KKE**<br><br>**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO THE MOTIONS TO DISMISS OF DEFENDANTS META PLATFORMS, INC., REDDIT, INC., AND YOUTUBE, LLC** |

## I. INTRODUCTION

Pursuant to the Court's inherent authority to consider intervening authority bearing on pending motions, and consistent with the practice of this District, Plaintiff G.P. respectfully submits this Notice of Supplemental Authority to bring to the Court's attention three decisions and one statutory provision that bear directly on the Section 230 defenses raised in the pending motions



ROSSI & CO., P.C.
616 33rd Ave NW, Gig Harbor, WA 98335
Tel: 303.222.0300

to dismiss of Defendants Meta Platforms, Inc. ("Meta"), Reddit, Inc. ("Reddit"), and YouTube, LLC ("YouTube") (collectively, the "Platform Defendants").

Plaintiff submits this Notice for the limited purpose of identifying authority, and does not argue matters already briefed. The most significant of the authorities identified below is a decision of the United States Court of Appeals for the Ninth Circuit issued on August 10, 2026 — after the close of briefing on each of the pending motions — holding that Section 230 of the Communications Decency Act provides a defense to liability rather than an immunity from suit. Because each of the pending motions is premised on the contrary characterization, and because that decision is binding on this Court, Plaintiff respectfully submits that it warrants the Court's attention before any ruling issues.

Plaintiff advises the Court that she intends to file, in the near term, a motion for leave to file a short supplemental opposition addressing two further post-briefing developments that require argument rather than mere notice: the multistate settlement announced by Meta on August 26, 2026, and the findings of the Federal Trade Commission's September 2024 staff report concerning platform data and advertising practices. Plaintiff does not present those matters here, and reserves them for that motion.

## II. SUPPLEMENTAL AUTHORITY

### A. California v. Meta Platforms, Inc., Nos. 24-7032 et al. (9th Cir. Aug. 10, 2026)

On August 10, 2026, the United States Court of Appeals for the Ninth Circuit dismissed, for lack of appellate jurisdiction, interlocutory appeals taken by Meta Platforms, Inc. and by the ByteDance and TikTok entities from the district court's rulings on their Section 230 defenses in the social-media adolescent-addiction multidistrict litigation, No. 4:22-md-03047-YGR (N.D.



ROSSI & CO., P.C.
616 33rd Ave NW, Gig Harbor, WA 98335
Tel: 303.222.0300

Cal.). California v. Meta Platforms, Inc., Nos. 24-7032, 24-7037, 24-7265, 24-7300, 24-7304 & 24-7312, ___ F.4th ___, 2026 WL 2292281 (9th Cir. Aug. 10, 2026) (Nguyen, J.). The appeals were argued and submitted January 6, 2026, and the opinion was filed August 10, 2026. The slip opinion is publicly available at https://cdn.ca9.uscourts.gov/datastore/opinions/2026/08/10/24-7300.pdf. Because the opinion has not yet been assigned a Federal Reporter citation, page references below are to the slip opinion.

The Court of Appeals held: "Because section 230 merely provides a defense to liability — not immunity from suit — we lack appellate jurisdiction to review the district court's rulings on an interlocutory basis." Slip op. at 15. It restated that holding at the conclusion of its analysis: "Therefore, we hold that section 230 provides a defense to liability, not immunity from suit, and an order denying this defense can be effectively reviewed on appeal from a final judgment." Slip op. at 27.

The panel grounded that conclusion in the Supreme Court's decision in Geo Group, Inc. v. Menocal, 607 U.S. 438 (2026), explaining that "it is important to distinguish between immunity from suit and 'immunity' that is a mere defense to liability." Slip op. at 20. Addressing Section 230(c)(1) specifically, the panel held that "[t]his substantive protection 'describes a defense, not an immunity.'" Slip op. at 24. It reaffirmed that "[a]bsent a final judgment, we generally lack jurisdiction to review the denial of a Rule 12(b)(6) motion." Slip op. at 17 (quoting Boshears v. PeopleConnect, Inc., 76 F.4th 858, 860 (9th Cir. 2023)).

The panel further held that the Court of Appeals' own prior references to Section 230 "immunity" are not controlling. Acknowledging that "we sometimes describe it as 'immunity from suit,'" the panel stated: "But none of this usage is binding, because we have never addressed whether the denial of a section 230 defense is a collateral order." Slip op. at 26. Among the decisions the panel



ROSSI & CO., P.C.
616 33rd Ave NW, Gig Harbor, WA 98335
Tel: 303.222.0300

identified as containing that non-binding usage is Doe 1 v. Meta Platforms, Inc., 174 F.4th 1159, 1166–67 (9th Cir. 2026). Id.

Scope of the decision. In candor to the Court, Plaintiff states plainly what this decision does and does not hold. It is a decision about appellate jurisdiction under the collateral-order doctrine. The panel observed that the Court of Appeals had "never addressed whether the denial of a section 230 defense is a collateral order," and it resolved that question. Slip op. at 26. The panel held that Section 230(e)(3) and Section 230(c)(1) each provide a defense to liability rather than immunity from suit, and that the district court's orders did not "conclusively determine the disputed question" under the first Cohen requirement. Slip op. at 27. The appeals were dismissed. The panel did not reach the merits of any Section 230 ruling below, did not address the allocation of the burden of proof, and did not decide the scope of Section 230 as applied to conduct of the kind alleged in this action. Plaintiff does not suggest otherwise.

Relevance. Two consequences follow, and Plaintiff presses only those two. First, characterization. Each of the three pending motions proceeds from the premise that Section 230 confers an immunity entitling the Platform Defendants to be relieved of this litigation at the pleading stage. The Ninth Circuit has now held, in terms binding on this Court, that Section 230 is a defense to liability and not an immunity from suit. Whatever the ultimate merits, the Platform Defendants are not entitled to be spared the burdens of litigation as such; they are entitled to the benefit of a defense, established in the ordinary course.

Second, remedy and prejudice. The panel held that an order denying the Section 230 defense "can be effectively reviewed on appeal from a final judgment." Slip op. at 27. Any error in declining to dismiss at the pleading stage is therefore fully correctable later, and at no cost to the Platform Defendants beyond the ordinary burdens of defending a suit. The converse is not true for Plaintiff:



ROSSI & CO., P.C.
616 33rd Ave NW, Gig Harbor, WA 98335
Tel: 303.222.0300

a dismissal at the pleading stage of claims arising from the amplification and monetization of an unlawfully intercepted recording of her private communications forecloses development of the very record on which the defense depends. That asymmetry matters here, because Plaintiff's First Amended Complaint does not allege merely that the Platform Defendants hosted a video uploaded by Defendant Arevalo. It alleges affirmative, self-interested conduct by each: that Meta's systems identified Plaintiff's nonconsensually recorded footage and selected it for amplification to a mass audience; that Reddit's moderators curated and promoted that footage to positions of maximum visibility; and that YouTube matched the footage through its Content ID system and monetized it through advertising revenue in which YouTube itself shared. Whether that conduct is passive publication of another's content or the Platform Defendants' own conduct is a genuinely disputed question, and one that the Court of Appeals has now confirmed may be tested without any loss of the Platform Defendants' appellate rights.

**B. Commonwealth v. Meta Platforms, Inc. (Mass. Apr. 10, 2026)**

On April 10, 2026, the Supreme Judicial Court of Massachusetts unanimously affirmed the denial of Meta's motion to dismiss premised on Section 230(c)(1), holding that Section 230 did not immunize Meta against claims directed at the design of its own platform features, as distinguished from claims directed at content authored by third parties. Commonwealth v. Meta Platforms, Inc. (Mass. Apr. 10, 2026).

Relevance. Plaintiff cites this decision for one point only: the distinction between a platform's liability as the publisher of another's content, which Section 230 addresses, and its liability for its own design, curation, and monetization conduct, which Section 230 does not. In candor to the Court, Plaintiff discloses that on the separate question of whether Section 230 confers a right to be free of suit, the Supreme Judicial Court took a view different from the one the Ninth Circuit adopted on August 10, 2026, and declined to follow the Tenth Circuit's contrary analysis. That



ROSSI & CO., P.C.
616 33rd Ave NW, Gig Harbor, WA 98335
Tel: 303.222.0300

divergence is now academic in this Court, because California v. Meta Platforms, Inc. is binding here and Commonwealth is not. Plaintiff relies on the Ninth Circuit for the characterization question and on Commonwealth solely for the design-versus-content distinction.

**C. Bouck v. Meta Platforms, Inc. (N.D. Cal. Mar. 24, 2026), and the Material-Contribution Line**

In Bouck v. Meta Platforms, Inc., 2026 WL 810036 (N.D. Cal. Mar. 24, 2026), appeal filed (9th Cir. July 23, 2026), the district court rejected Meta's Section 230 defense at the pleading stage where the plaintiffs alleged that Meta's own tools had materially contributed to the alleged unlawfulness of the content at issue, applying Fair Housing Council of San Fernando Valley v. Roommates.com, LLC, 521 F.3d 1157, 1167–68 (9th Cir. 2008) (en banc).

In candor to the Court, Plaintiff notes that a companion decision issued the same day reached the opposite result on different allegations. Suddeth v. Meta Platforms, Inc., 2026 WL 810252 (N.D. Cal. Mar. 24, 2026), sustained a Section 230 defense where the plaintiffs alleged only that content-neutral advertising tools had disseminated fraudulent advertisements authored entirely by third parties, a theory the court characterized as "nothing more than an averment of facilitation." Plaintiff further notes the Ninth Circuit's decision in Doe 1 v. Meta Platforms, Inc., 174 F.4th 1159 (9th Cir. 2026) (No. 24-1672, decided Apr. 28, 2026), in which the Court of Appeals applied Section 230 to claims premised on algorithmic content delivery, and in which two members of the panel filed separate concurring opinions questioning the breadth of publisher immunity as applied to algorithm-driven recommendation.

Plaintiff notes that the August 10, 2026 opinion itself confirms this line. Surveying its own precedent, the panel observed that Section 230 "does not 'declare a general immunity from liability deriving from third-party content,'" that "[s]ervice providers continue to face liability for



ROSSI & CO., P.C.
616 33rd Ave NW, Gig Harbor, WA 98335
Tel: 303.222.0300

'the creation of content'" and that courts must "examine each claim to determine whether a plaintiff's 'theory of liability would treat a defendant as a publisher or speaker of third-party content.'" California v. Meta Platforms, Inc., slip op. at 24 (quoting Calise v. Meta Platforms, Inc., 103 F.4th 732, 740 (9th Cir. 2024); Barnes v. Yahoo!, Inc., 570 F.3d 1096, 1100, 1101 (9th Cir. 2009); and Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC, 521 F.3d 1157, 1163 (9th Cir. 2008) (en banc)). Notably, the panel paired the observation that service providers "continue to face liability for 'the creation of content'" with a citation to 47 U.S.C. § 230(e) — the subsection that contains the communications-privacy carve-out discussed in Part II.D below. Slip op. at 24. Claim-by-claim examination, not a global immunity, is what the Ninth Circuit requires.

Relevance. Read together, these decisions mark the operative line rather than obscure it. Section 230 protects the content-neutral dissemination of third-party material; it does not protect a provider's material contribution to the unlawfulness. Plaintiff's claims fall on the unprotected side of that line, and are not facilitation claims. Plaintiff does not seek to hold the Platform Defendants liable for the content of Arevalo's recording, or for the fact that it existed on their services. She seeks to hold them liable for their own subsequent, revenue-generating acts of identifying, ranking, promoting, and monetizing a recording of her private oral communications that was unlawfully intercepted — acts each Platform Defendant performed for its own commercial account, after and independent of any third-party authorship.

**D. 47 U.S.C. § 230(e)(4)**

Finally, Plaintiff notes a provision of the statute itself. Section 230(e)(4) provides: "Nothing in this section shall be construed to limit the application of the Electronic Communications Privacy Act of 1986 or any of the amendments made by such Act, or any similar State law." 47 U.S.C. § 230(e)(4).



ROSSI & CO., P.C.
616 33rd Ave NW, Gig Harbor, WA 98335
Tel: 303.222.0300

Relevance. Plaintiff's claims under 18 U.S.C. § 2511 arise under Title I of the Electronic Communications Privacy Act itself, and her claims under RCW 9.73.030 arise under a “similar State law” — Washington's all-party-consent statute. By the express terms of Section 230(e)(4), the Platform Defendants' Section 230 arguments cannot limit the application of those provisions, and therefore cannot support dismissal of the counts arising under them, irrespective of how the Court resolves the questions addressed in Parts A through C above.

## III. CONCLUSION

Plaintiff respectfully submits the foregoing authority for the Court's consideration in connection with the pending motions to dismiss of Defendants Meta, Reddit, and YouTube. Plaintiff does not by this Notice seek any relief, and stands ready to address any of the foregoing authority at the Court's convenience, whether by further briefing on such schedule as the Court may direct or at oral argument.

Respectfully submitted this 28th day of August, 2026.

**ROSSI & CO., P.C.**

By: /s/ Ronald G. Rossi

**Ronald G. Rossi, WSBA No. 54720**
616 33rd Ave NW | Gig Harbor, Washington 98335
Tel: 1.303.222.0300 | Fax: 1.206.274.6401
RGR@vihc.com
*Attorney for Plaintiff G.P.*